16 F.3d 1224
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Curtis L. WRENN, Plaintiff-Appellant,
v.
VANDERBILT UNIVERSITY HOSPITAL; John C. Callison; U.S.
Department of Justice; Secretary of Health and
Human Services; Equal Employment
Opportunity Commission,
Defendants-Appellees.
 No. 93-5994.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 1
 Before: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 2
 Curtis L. Wrenn, a pro se plaintiff, appeals a district court order dismissing his complaint and amended complaint brought under Titles VI and VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act (ADEA), the Freedom of Information Act (FOIA), and 42 U.S.C. Secs. 1981, 1983, and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Wrenn sued Vanderbilt University Hospital (Vanderbilt), alleging that he was denied employment because of his race and in retaliation for previous employment discrimination lawsuits filed against Vanderbilt. He further alleged that Vanderbilt had conspired since 1978 with the United States Department of Justice and with various unnamed public and private employers to violate his rights to equal employment because of his race. In an amended complaint, Wrenn named as additional defendants the Attorney General of the United States (USAG), the Secretary of the Department of Health and Human Services (HHS), the Chairman of the Equal Employment Opportunity Commission (EEOC), and the Assistant General Counsel for Vanderbilt University (Callison). He also added a claim under the Age Discrimination in Employment Act (ADEA) and complained that the federal defendants conspired to violate his rights by refusing to process and investigate his complaint, refusing to enforce equal employment laws, and refusing to provide records and documents requested under the FOIA. Wrenn sought injunctive relief.
 
 
 4
 All defendants filed motions for summary judgment or to dismiss, which were opposed by Wrenn. Additionally, the EEOC sought a permanent injunction and sanctions against Wrenn. In a memorandum and order entered on June 15, 1993, the district court concluded that all of Wrenn's claims were meritless or barred by the doctrine of res judicata. The district court, accordingly, granted summary judgment for Vanderbilt and dismissed the claims against the remaining defendants. It declined to enter a permanent injunction, but ordered that no process should issue upon any future claim brought by Wrenn against the EEOC until such claim was reviewed by the district court. On appeal, Wrenn continues to argue the merits of his Title VII, ADEA, FOIA, and conspiracy claims. The HHS and USAG request sanctions pursuant to Fed.R.App.P. 38.
 
 
 5
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P.56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Wrenn has not raised on appeal his claims under Title VI, the Civil Rights Act of 1991, and 42 U.S.C. Secs. 1981, 1983, and 1985. Thus, they are considered abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Wrenn has failed to prove that he was not selected by Vanderbilt for the position of Assistant Hospital Director for illegal reasons or that the defendants conspired to deny him equal employment opportunity. To establish a prima facie case of race or age discrimination, Wrenn was required to show that: (1) he was a member of a protected class, (2) he applied and was qualified for a job for which the employer was seeking applicants, (3) he was rejected despite his qualifications, and (4) the circumstances give rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). While he can prove the first element of a prima facie case--Wrenn is African American and was over the age of 40 at the time of his application--he has utterly failed to prove that the circumstances give rise to an inference of discrimination. The position at issue was first offered to a black male. After he withdrew his name from consideration, the position was offered to a white female over the age of 40, who accepted it. These actions on the part of Vanderbilt belie any discriminatory motive. Thus, despite Wrenn's assertion that he was qualified for the position, he cannot satisfy the fourth element of a prima facie case.
 
 
 8
 Vanderbilt is also entitled to summary judgment on Wrenn's claim of retaliation. He has failed to refute the affidavits of the two Vanderbilt officials who screened the applications, in which they declared that they had no knowledge of his prior Title VII actions against Vanderbilt.
 
 
 9
 Finally, Wrenn's vague allegations of a wide-ranging conspiracy are wholly conclusory and are thus insufficient to state a claim or withstand a motion for summary judgment. See Mitchell, 964 F.2d at 584-85; McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 10
 The district court also correctly dismissed Wrenn's claims against the federal defendants. Wrenn has raised the same allegations of conspiracy and refusal to enforce Title VII and the ADEA against these federal defendants in previous actions. See, e.g., Wrenn v. Kemp, No. 1:92-CV-0122 (N.D.Ohio Jan. 3, 1992). The district court in Wrenn v. Kemp found that there is no private cause of action for the improper investigation or processing of a discrimination charge. A panel of this court affirmed the district court's decision. Wrenn v. Kemp, No. 92-3513 (6th Cir. Nov. 24, 1992). Other circuits have come to the same conclusion. See Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992); Gillis v. United States Dep't of Health and Human Servs., 759 F.2d 565, 574 (6th Cir.1985); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 11
 Thus, whether the issue is examined on the merits or determined as a matter of preclusion, the federal defendants are entitled to judgment regarding the alleged failure to properly investigate or enforce employment discrimination laws. Moreover, the conclusory nature of Wrenn's allegations, particularly in relation to the alleged conspiracy, make them insufficient to state a claim, as discussed above.
 
 
 12
 Finally, the district court did not err in concluding that the EEOC is entitled to judgment as a matter of law on the FOIA claim. The EEOC ultimately withheld only two of the documents requested by Wrenn. Those documents were properly withheld under 5 U.S.C. Sec. 552(b)(5) and (b)(7)(c).
 
 
 13
 Accordingly, the district court's judgment, entered on June 15, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Pursuant to Rule 38, Federal Rules of Appellate Procedure, we find this appeal to be frivolous and brought for the purpose of harassment, and we award double costs and reasonable attorney fees to each appellee in this appeal. The appellees shall file affidavits and other appropriate material with the Clerk within 14 days of the entry date of this order.
 
 ENTERED BY ORDER OF THE COURT
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation