50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
VANDERBILT UNIVERSITY HOSPITAL; John C. Callison; U.S.
Department of Justice; Secretary of Health and
Human Services; Equal Employment
Opportunity Commission,
Defendants-Appellees.
 Nos. 94-5453, 94-5593.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 ORDER
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 
 
 1
 In Case No. 94-5453, Curtis L. Wrenn, proceeding pro se, appeals two district court post-judgment orders denying his motion for leave to file his opposition to the Equal Employment Opportunity Commission's (EEOC's) motion to dismiss, and denying his motion for sanctions against the EEOC and the U.S. Department of Justice. In Case No. 94-5593, Wrenn appeals a district court post-judgment order granting the EEOC's motion for attorney fees and costs. These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In an underlying action, Wrenn sued defendant Vanderbilt University Hospital and its Assistant General Counsel, alleging that he was not hired for an advertised position because of his race and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). He also sued the EEOC, the United States Attorney General, and the Secretary of the Department of Health and Human Services for allegedly refusing to process and investigate his complaint against Vanderbilt, refusing to enforce equal employment laws, and refusing to provide records and documents requested under the Freedom of Information Act (FOIA). Finally, Wrenn alleged a wide-ranging conspiracy to violate his right to equal employment. The district court granted summary judgment for Vanderbilt and dismissed the claims against the remaining defendants. In addition, the district court ordered that no process should issue upon any future claim brought by Wrenn against the EEOC until such claim was reviewed by the district court. A panel of this court affirmed the district court's judgment and also awarded double costs and attorney fees to each appellee under Fed.R.App.P. 38 after finding that the appeal was frivolous and brought for the purpose of harassment. Wrenn v. Vanderbilt University Hosp., 16 F.3d 1224 (6th Cir.) (order), cert. denied, 115 S.Ct. 87 (1994).
 
 
 3
 Meanwhile, in the district court, the EEOC submitted a motion for leave to file its declaration of attorney fees, which Wrenn sought leave to oppose. Wrenn also filed his own motion for sanctions against the EEOC and the Department of Justice for allegedly violating Fed.R.Civ.P. 11 and for refusing to disclose FOIA information. The district court denied Wrenn's motions in orders issued on December 22 and December 27, 1993, and entered on January 3, 1994. The district court then granted the EEOC's motion for attorney fees in an order issued on January 6 and entered on January 12, 1994.
 
 
 4
 Wrenn's appellate briefs in both cases raise the same issues: (1) the decisions of the district court are clearly erroneous and contrary to law, (2) the district court abused its discretion and denied him due process by imposing sanctions without a hearing, (3) the imposition of sanctions in favor of the federal defendants is contrary to the FOIA, (4) Vanderbilt did not demonstrate that his Title VII and ADEA claims were frivolous so as to warrant sanctions, and (5) he has been the subject of a conspiracy to deprive him of his rights to file complaints "whenever his equal employment opportunity right has been denied" and to petition the government. The EEOC counters that these appeals are, like the appeal of the underlying action, frivolous and asks this court to impose additional sanctions pursuant to Fed.R.App.P. 38. In addition, the EEOC requests that this court enjoin Wrenn "from ever filing another appeal in this suit and from appealing even unrelated matters until all outstanding sanctions have been satisfied."
 
 
 5
 Upon review, we affirm the district court's orders because the court did not abuse its discretion in denying Wrenn's motions for leave to file opposition and for Rule 11 sanctions, and in granting attorney fees in the amount requested by the EEOC. We deny the EEOC's request for further sanctions and injunctive relief at this time.
 
 
 6
 Wrenn's appellate brief, although purporting to contest the district court's three post-judgment orders, principally rehashes the claims presented in Wrenn's underlying action, which has already been decided and affirmed on appeal. Insofar as Wrenn seeks to relitigate his discrimination, conspiracy, and FOIA claims, his arguments are barred by the law of the case doctrine, Jones v. Cassens Transport, 982 F.2d 983, 987 (6th Cir.1993), and are hence totally frivolous.
 
 
 7
 Insofar as Wrenn's arguments on appeal can be applied to the collateral orders actually appealed from, they are likewise frivolous.
 
 
 8
 The district court correctly dismissed as moot Wrenn's motion to file a surreply to the EEOC's motion to dismiss because the case had been decided and no live controversy remained. See Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Charter Township of Huron v. Richards, 997 F.2d 1168, 1175 (6th Cir.1993). It is worth noting in addition that Wrenn's position on the matter was not unknown to the district court; Wrenn had previously filed a memorandum in opposition to the EEOC's request for dismissal and sanctions on March 1, 1993, which was undoubtedly considered by the district court in its ruling.
 
 
 9
 A district court's decision regarding the imposition of Rule 11 sanctions is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Because Wrenn cited no improper pleadings or other abuses which would warrant sanctions against any of the defendants in this case, the district court did not abuse its discretion in declining to impose sanctions upon them.
 
 
 10
 Nor did the district court abuse its discretion in granting attorney fees in the amount requested by the EEOC. See generally Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (district court may in its discretion award attorney fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation). A memorandum in opposition to the EEOC's declaration of attorney fees, tendered by Wrenn but never filed by the district court, did not contest the reasonableness of the amount requested, but once again challenged the district court's rulings on the merits of the case and its decision to impose sanctions. Those issues are no longer open for debate. Thus, since the declaration filed by the EEOC went uncontested, the district court did not err in granting the amount requested, as it is not unreasonable.
 
 
 11
 Wrenn also argues on appeal that the district court violated his rights by not holding a hearing regarding the imposition of sanctions. There is normally no right to a separate sanctions hearing where, as in this case, the district judge imposing the sanctions has participated in the proceedings, the party is being sanctioned for filing frivolous claims, and the party being sanctioned had both notice of his potential exposure to sanctions and an opportunity to respond. See International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 392 (2d Cir.), cert. denied, 493 U.S. 1003 (1989); Donaldson v. Clark, 819 F.2d 1551, 1560 (11th Cir.1987) (en banc), INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 405 (6th Cir.), cert. denied, 484 U.S. 927 (1987).
 
 
 12
 Finally, we note that past sanctions against Wrenn's vexatious litigation in the form of monetary awards have had less than the desired effect. Therefore, we grant the EEOC's request for injunctive relief. This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. Sec. 1651(a), see Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991); Tripati v. Beaman, 878 F.2d 351, 352-53 (10th Cir.1989) (per curiam) (no constitutional right of access to the courts to prosecute an action that is frivolous or malicious). Wrenn's extensive history of filing frivolous actions and appeals has diverted the federal courts' attention and resources from those that are brought in good faith and constitutes an abuse of the legal system. For this reason, IT IS ORDERED that any future appeals filed by Wrenn in this circuit shall be captioned "Application Pursuant to Court Order Seeking Leave to File Appeal" and shall be accompanied by a copy of this order and an affidavit reporting in detail the outstanding sanctions against Wrenn and the progress he has made in satisfying those sanctions imposed upon him by this court and the district court from whose judgment or order he seeks to appeal. The district court shall certify whether or not the appeal is taken in good faith, with an adverse certification subject to review by this court. The Clerk's Office is directed to reject for filing any appeal by Wrenn which does not comply with these instructions. In addition, if it is determined that the appeal is not made in good faith or that Wrenn has made no progress in satisfying his current court-ordered obligations, the Clerk's Office is directed to return the notice of appeal unfiled.
 
 
 13
 Accordingly, the district court's post-judgment orders entered on January 3, 1994, and January 12, 1994, are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. The EEOC's request for future injunctive relief is granted as provided in this order.