**W.M. SCHEERER, Plaintiff–Appellant,**

v.

**ROSE STATE COLLEGE; Equal Employment Opportunity Commission, Donald Burris, and Evan Kemp, Defendants–Appellees.**

No. 91–6180.

United States Court of Appeals, Tenth Circuit.

Dec. 4, 1991.

---

W.M. Scheerer, pro se.

Sherry Blankenship and Ted N. Pool, Pool, Thompson, Coldiron Blankenship & Vincent, Oklahoma City, Okl., for defendant-appellee Rose State College.

Donald R. Livingston, Acting Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Vincent J. Blackwood, Asst.

Gen. Counsel, and Lamont N. White, Atty., E.E.O.C., Washington, D.C., for defendants-appellees Equal Employment Opportunity Com'n, Donald Burris and Evan J. Kemp, Jr.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

BARRETT, Senior Circuit Judge.

Plaintiff appeals [1] from an adverse judgment of the district court, 774 F.Supp. 620, which in three separate orders granted a Motion to Dismiss filed by Defendant Equal Employment Opportunity Commission (EEOC), another such motion filed by Defendants Donald Burris and Evan Kemp (individual EEOC Defendants), and a Motion for Summary Judgment filed by Defendant Rose State College (RSC). Plaintiff brought this action under various civil rights statutes to redress an alleged discriminatory hiring practice by RSC and an alleged discriminatory failure by EEOC properly to investigate and pursue her claim against RSC.

### Dismissal of EEOC

In its Motion to Dismiss, EEOC argued that Congress has not authorized, either expressly or impliedly, a cause of action directly against the EEOC for misprocessing of claims asserted against third-party employers. R.Vol. I, docs. 4 and 5. This motion was renewed when Plaintiff, then represented by counsel, amended her complaint. R.Vol. I, doc. 13. Plaintiff never responded to the motion. Consequently, the district court did not reach the merits of the motion, but rather granted it on the basis of W.D.Okla.R. 14(A), pursuant to which an unanswered motion may be deemed confessed. R.Vol. I, doc. 14 (Order granting EEOC's Motion to Dismiss); *see also* R.Vol. I, doc. 19 (Order denying Plaintiff's Motion to Reconsider Dismissal of EEOC).

In light of the circumstances surrounding the timing, service, and reassertion of

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

EEOC's motion,[2] *see* R.Vol. I, doc. 16 (Plaintiff's Memorandum Brief in Support of Motion to Reconsider dismissal of EEOC), there is a serious question whether the district court's purely procedural disposition could be upheld in view of several recent opinions of this circuit reversing similar rulings in roughly comparable settings as unduly drastic. *See, e.g., Miller v. Department of Treasury,* 934 F.2d 1161, 1162 (10th Cir.1991); *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir. 1988); *Meade v. Grubbs,* 841 F.2d 1512, 1519–22 (10th Cir.1988). We need not resolve the matter, however, as we conclude that dismissal of Plaintiff's claim is appropriate on the substantive legal basis asserted in EEOC's motion. *See generally Griess v. Colorado,* 841 F.2d 1042, 1047 (10th Cir.1988) (court of appeals is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court") (quoting *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987)).

■ "The circuits which have addressed the issue have uniformly held that no cause of action against the EEOC exists for challenges to its processing of a claim." *Peavey v. Polytechnic Inst.,* 749 F.Supp. 58, 58 (E.D.N.Y.1990), *aff'd,* 940 F.2d 648 (2d Cir. 1991); *see, e.g., McCottrell v. EEOC,* 726 F.2d 350, 351 (7th Cir.1984); *Ward v. EEOC,* 719 F.2d 311, 313 (9th Cir.1983), *cert. denied,* 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); *Francis–Sobel v. University of Me.,* 597 F.2d 15, 17–18 (1st Cir.), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Georator Corp. v. EEOC,* 592 F.2d 765, 767–69 (4th Cir. 1979); *Gibson v. Missouri Pac. R.R.,* 579 F.2d 890, 891 (5th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979). Following this established line of authority, we hold that Plaintiff's claim for compensatory and punitive damages against EEOC under the cited statutory authority should have been dismissed pursuant to Fed.R.Civ.P. 12(b)(6), as originally argued by EEOC below.

### Dismissal of Individual EEOC Defendants

■ We need not decide here whether and under what circumstances EEOC employees, as opposed to the agency itself, may be subject to suit for damages for improper conduct in connection with the processing of a discrimination charge. The district court noted that Plaintiff's claim in this regard could be dismissed because "Plaintiff has failed to allege any direct or personal involvement on the part of Defendants Kemp and Burris." R.Vol. I, doc. 31 at 3 (Order granting individual EEOC Defendants' Motion to Dismiss). Indeed, although these Defendants are named as parties, not one factual allegation in Plaintiff's First Amended Complaint so much as mentions them. *See* R.Vol. I, doc. 11. All of the allegations regarding misprocessing of Plaintiff's discrimination charge simply attribute such conduct to the agency itself, without further elaboration. *Id.* at 6–8. It was proper for the district court to dismiss the individual EEOC Defendants, as no claim was even facially stated against them.[3]

### Summary Judgment for RSC

Plaintiff relied on several legal bases for her action against RSC, all of which were rejected, for various reasons, by the district court. Plaintiff invoked 20 U.S.C. § 1681 (prohibiting sex discrimination in federally funded programs) and § 1684 (prohibiting discrimination on account of blindness or visual impairment in federally funded programs) without any further elaboration in her Amended Complaint. In its Motion for

---

**2.** EEOC had been neither named as a party in Plaintiff's initial, pro se pleading nor served with process when it filed its Motion to Dismiss and accompanying brief, which Plaintiff averred she never received. After Plaintiff retained counsel and filed her Amended Complaint adding EEOC as a named defendant, EEOC "reasserted" its Motion to Dismiss but never served the underlying materials on counsel or plaintiff.

**3.** We note that Plaintiff never moved to amend her pleadings to supply the particularized factual allegations the district court found lacking in its order dismissing these Defendants.

Summary Judgment, RSC argued that Plaintiff could not establish a prima facie case of sex discrimination under § 1681, which incorporates the same elements of proof required in Title VII cases, *see Mabry v. State Bd. of Community Colleges & Occupational Educ.*, 813 F.2d 311, 316–18 (10th Cir.), *cert. denied*, 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987), because the position denied Plaintiff was filled by another woman.[4] *See Risher v. Aldridge*, 889 F.2d 592, 596 n. 11 (5th Cir.1989) (prima facie case for sex discrimination in hiring); *see also Breneman v. Kennecott Corp.*, 799 F.2d 470, 474 (9th Cir.1986) (discriminatory discharge); *Namenwirth v. Board of Regents*, 769 F.2d 1235, 1240 (7th Cir.1985) (discriminatory denial of tenure), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986). RSC contended that § 1684 "is not applicable to the instant case since the Plaintiff is neither blind nor suffering from severely impaired vision and makes no allegations of such." R.Vol. II at 13. The district court granted RSC's motion as to these sections because Plaintiff wholly failed to substantiate her position in response to the arguments outlined above. Plaintiff has likewise, on appeal, neglected to address directly either the district court's ruling or the merits of RSC's arguments. We affirm the district court on these matters.

▮ The district court concluded that Plaintiff's reliance on 42 U.S.C. § 1981 and § 1982 to redress conduct that occurred some four and a half years prior to suit was precluded by the two-year statute of limitations applicable to personal injury suits in Oklahoma. *See* Okla.Stat. tit. 12,

§ 95 (Third). *See generally Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988). The Supreme Court has held that the forum state's statute of limitations for personal injury actions provides the appropriate limitations period for civil rights claims under § 1981, *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660–62, 107 S.Ct. 2617, 2620–22, 96 L.Ed.2d 572 (1987), as well as 42 U.S.C. § 1983, *Wilson v. Garcia*, 471 U.S. 261, 276–80, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985), but the Court has not yet addressed the issue in connection with § 1982. However, we agree with the district court that the same basic considerations underlying the holdings in *Goodman* and *Wilson* apply with respect to Plaintiff's § 1982 claim and, therefore, that section 95 (Third) barred its assertion as well.[5] *See Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1528 (7th Cir.1990) (authority for application of state personal injury statute of limitations to § 1982 suit (a point parties stipulated to) could be derived by combining *Wilson* holding regarding § 1983 with prior circuit precedent that § 1982 and § 1983 should be treated the same for limitations purposes); *Rodriguez v. Village of Island Park, Inc.*, No. CV–89–2676, 1991 WL 128568, at *5, 1991 U.S.Dist. LEXIS 9469, at *13–14 (E.D.N.Y. July 2, 1991) (post-*Wilson* and *Goodman* decision holding that § 1982 is sufficiently analogous to § 1981 and § 1983 to warrant use of the same limitations period); *see also Allen v. Gifford*, 462 F.2d 615, 615 (4th Cir.) (pre-*Wilson* decision holding that § 1982 should be governed by same statute of limitations applicable to § 1983), *cert. denied*, 409 U.S. 876, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972);

---

**4.** We also note that Plaintiff's Amended Complaint is devoid of any factual allegation of sex discrimination.

**5.** Although Plaintiff's cause of action accrued prior to *Goodman*, we see no retroactivity problem in applying section 95 (Third) to Plaintiff's claims under § 1981 and § 1982. A year before the events involved here, this court presaged *Goodman* by applying section 95 (Third) to a § 1981 claim in an action arising out of Oklahoma. *See EEOC v. Gaddis*, 733 F.2d 1373, 1377 (10th Cir.1984). While we have no comparable § 1982 decision, given our holdings in *Gaddis* and *Abbitt v. Franklin*, 731 F.2d 661, 662–63 (10th Cir.1984) (applying section 95

(Third) to § 1983 claim in accordance with *Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *aff'd*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)), application of section 95 (Third) to Plaintiff's § 1982 claim is simply a logical extension of precedent predating accrual of the cause of action asserted here. Under the circumstances, reliance on a statute of limitations other than section 95 would have been unfounded, and a limited, prospective application of our decision in this regard is not warranted. *See generally Budinich v. Becton Dickinson & Co.*, 807 F.2d 155, 157–58 (10th Cir.1986), *aff'd*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

*Waters v. Wisconsin Steel Works of Int'l Harvester Co.*, 427 F.2d 476, 488 (7th Cir.) (pre-*Goodman* decision holding that § 1982 should be governed by same statute of limitations applicable to § 1981), *cert. denied*, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 911 (1970); *cf. Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir.1989) (personal injury statute of limitations applied to § 1985 claim in light of *Wilson* and *Goodman*).

 Finally, the district court dismissed Plaintiff's Title VII claim of race discrimination as untimely filed under 42 U.S.C. § 2000e–5(f)(1). The district court recognized that this nonjurisdictional limitations period is subject to equitable tolling, *see Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983) (Supreme Court's holding regarding nonjurisdictional status of requirement that charge be timely filed with EEOC, *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), is equally applicable to § 2000e–5(f)(1) requirement that suit be timely filed in federal court), but concluded that the circumstances did not warrant such relief. *See* R.Vol. I, doc. 50 at 5–8, 10–12. We agree. "[I]n this circuit, a Title VII time limit will be tolled *only* if there has been 'active deception'" of the claimant regarding procedural prerequisites. *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir.1988), *cert. denied*, 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989). The EEOC's September 29, 1989, "Determination" unequivocally advised Plaintiff that, absent a request for review made by October 13, 1989, the existing determination would become final and her right to sue would expire on January 12, 1990. *See* R.Vol. II, Exhibit 9. The EEOC repeated the same admonition in its January 5, 1990, rejection of Plaintiff's untimely request for review. *See* R.Vol. II, Exhibit 10. While Plaintiff evidently relied to her detriment upon her belated, and therefore ineffective, request for review, this "was not due to a false representation by any court, agency, or putative defendant." *Johnson*, 861 F.2d at 1481. More-

over, the EEOC documents involved here exhibit none of the misleading ambiguity we deemed sufficient to warrant equitable tolling in *Martinez v. Orr*, 738 F.2d 1107, 1111–12 (10th Cir.1984). On the contrary, the mandatory nature of both the January 12, 1990, deadline and the time limitation on the only exception thereto was made abundantly clear by EEOC.

For the reasons discussed above, we AFFIRM the judgment of the United States District Court for the Western District of Oklahoma in favor of all Defendants.