16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny E. EVANS, Plaintiff-Appellant,
v.
DON'S TONG SERVICE, Defendant-Appellee.
 No. 93-6340.
 United States Court of Appeals, Tenth Circuit.
 Feb. 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Johnny Evans appeals the district court's order granting summary judgment to the defendant on Evans's Title VII claim, and dismissing any Fourteenth Amendment or Equal Pay Act claims for failure to state a claim upon which relief can be granted. We agree with the district court's reasoning and affirm the judgment.
 
 BACKGROUND
 
 3
 In August, 1991, Evans filed a complaint with the EEOC alleging that his employer, Don's Tong Service, had discriminated against him because he is black. The EEOC found no evidence of a violation and mailed Evans a right-to-sue letter on July 2, 1992.
 
 
 4
 In August, 1992, Evans sued Don's Tong Service for violating Title VII, but the district court dismissed that case in March, 1993, for failure to prosecute. Evans then filed a second Title VII suit in April, 1993.
 
 
 5
 The district court granted the defendant's summary judgment motion because Evans had not filed his second suit within ninety days of receiving the right-to-sue letter. The district court also dismissed possible Fourteenth Amendment and Equal Pay Act claims for failure to state a claim upon which relief could be granted. Evans appeals the district court's order.
 
 DISCUSSION
 I. Title VII
 
 6
 Title VII required Evans to file suit within ninety days of receiving the right-to-sue letter from the EEOC. See 42 U.S.C.2000e-5(f)(1). Evans complains that as a layman he did not understand these "procedural technicalities." However, the EEOC letter clearly explained that he could not file any lawsuit after ninety days.
 
 
 7
 Evans did file his first suit against Don's Tong Service within ninety days. Seven months later, however, the district court dismissed the suit for failure to prosecute.
 
 
 8
 Evans then filed a second suit making the same claims. He did not file this suit within ninety days of receiving the right-to-sue letter. Nor did the filing of the first suit toll the ninety-day period. See Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir.1991); Price v. Digital Equip. Corp., 846 F.2d 1026, 1027 (5th Cir.1988) (per curiam). Title VII therefore bars this second suit because Evans filed it too late.
 
 
 9
 Evans claims that dismissing the suit abused the court's discretion because he "lacked knowledge of proper defense tactics concerning Title VII civil rights." Appellant's Br. at 2. However, the district court has no discretion to hear a suit filed beyond the statutory deadline. The cases cited by Evans involve the court's discretionary decision to deny intervention for untimeliness, not the decision to dismiss a suit because it was filed after the ninety-day period. Furthermore, Evans's ignorance of the law does not excuse his delay. See Richards v. Mileski, 662 F.2d 65, 71 n. 10 (D.C.Cir.1981) ("[M]ere ignorance of the law does not ordinarily toll the statute of limitations."); cf. United States v. Kubrick, 444 U.S. 111, 123 (1979).
 
 
 10
 Evans also argues that the federal interest in preserving the opportunity to bring Title VII claims should prevent the court from applying "the state interval." Evans apparently does not understand that the court rejected his Title VII claim because it failed to meet the procedural requirements of Title VII itself, not any state procedural requirements. The federal interest in allowing Title VII claims obviously does not override Title VII's explicit requirements.
 
 
 11
 II. Fourteenth Amendment, 42 U.S.C.1983, and Equal Pay Act
 
 
 12
 Evans's complaint and brief on appeal also suggest that he might have intended to plead violations of 42 U.S.C.1983, the Fourteenth Amendment, and the Equal Pay Act. See Compl. at 3; Appellant's Br. at 3. If so, the district court correctly dismissed all of these claims for failure to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(6). Evans has not pleaded a violation of the Fourteenth Amendment or section 1983 because he has not alleged any action under color of state law. Nor has he pleaded a violation of the Equal Pay Act, because he has not alleged discrimination on the basis of sex. See 29 U.S.C. 206(d)(1).
 
 III. Other Arguments
 
 13
 In his brief on appeal, Evans raises several other issues. First, he claims that the district court denied him equal protection of the laws in violation of 42 U.S.C.1983. However, the district court is not a party to this suit and is immune from such a suit in any event. See Mireles v. Waco, 112 S.Ct. 286, 288 (1991).
 
 
 14
 Second, Evans complains that the EEOC was negligent for not fully investigating his accusations. Again, the EEOC is not a party to this suit, nor could Evans sue the EEOC for such negligence anyway. See Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992); Ward v. EEOC, 719 F.2d 311, 312-14 (9th Cir.1983), cert. denied, 466 U.S. 953 (1984).
 
 
 15
 Third, Evans argues that the district court should award him judgment because the defendant perjured himself when he said that he never personally employed Evans. We need not address this argument since Evans's claim was filed late. Nevertheless, we note that the defendant only said that he has never individually employed Evans. He did not deny that his corporation employed Evans.
 
 
 16
 Finally, Evans argues that the district court should have ordered judgment for him because Don's Tong Service did not respond to the first complaint. Evans might have raised this argument before the district court in the first case, but he didn't. He cannot seek a default judgment on the first suit after it has already been dismissed for lack of prosecution.
 
 
 17
 We AFFIRM the district court's order granting summary judgment to the defendant on the Title VII claim and dismissing any remaining claims for failure to state a claim upon which relief can be granted.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470