**Roslyn C. MARINOFF, Plaintiff,**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

**No. 93 Civ. 8374 (KMW).**

United States District Court,
S.D. New York.

April 20, 1995.

---

Roslyn G. Marinoff, New York City, pro se.

## OPINION & ORDER

### KIMBA M. WOOD, District Judge.

On September 19, 1994, Magistrate Judge Roberts issued the attached Report and Recommendation, recommending that I dismiss plaintiff's claim against defendant for failing to state a cause of action under the Fair Housing Amendments Act of 1988. On September 29, 1994, plaintiff filed objections to

the recommendation that I dismiss plaintiff's claim. On October 28, 1994, the court gave plaintiff an opportunity to file supplemental objections to the Report, and on December 15, 1994, plaintiff submitted supplemental materials to the court. After a *de novo* review of the Report and of plaintiff's objections, I adopt Magistrate Judge Roberts' Report in its entirety, and grant defendant's motion to dismiss.

SO ORDERED.

### *REPORT AND RECOMMENDATION*

ROBERTS, United States Magistrate Judge.

Plaintiff commenced this action *pro se* pursuant to the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601–3619, 3631 (1988),[1] alleging that the Department of Housing and Urban Development ("HUD") failed to properly investigate plaintiff's allegations of discrimination and retaliation by the housing project in which she lives, and requesting that the court direct HUD to conduct a proper investigation. Defendant moves to dismiss the complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6).

For the reasons set forth below, I recommend that defendant's motion to dismiss be granted.

### PROCEDURAL BACKGROUND

Plaintiff lives in the Lincoln Guild apartment building ("Lincoln Guild") in Manhattan, which, according to the complaint, is a federally assisted urban renewal project under Title I of the Housing Act of 1949. Complaint ¶ 4. She contends that Lincoln Guild has discriminated against blacks and hispanics with respect to the allocation of apartments. Complaint ¶¶ 8, 10. Plaintiff filed a complaint with HUD in December 1991. Complaint ¶ 2. HUD closed plaintiff's complaint on March 11, 1992, stating that because plaintiff had "failed to identify a discriminatory act which has occurred within

---

1. The FHA amended Title VIII of the Civil Rights Act of 1968 ("The Fair Housing Act"), 42 U.S.C. §§ 3601–3619, 3631 (1982 & Supp. IV 1986).

one year of the filing date," her complaint was not timely filed. Letter from HUD to Plaintiff of March 11, 1992 (attached to Plaintiff's Memorandum of Law to Restrict Defendant[']s Request to Dismiss This Case ("Pl. Mem.")).

On December 7, 1993, plaintiff filed the instant complaint, stating that she:

> filed a discrimination claim with the U.S. Department of Housing and Urban Development (HUD) to remedy the violations of the Fair Housing Act going on at the Housing Project where she lives. (HUD) had a duty to give this case a proper investigation but they did not and that is why it is before your Court today.
>
> The Plaintiff[']s request to the Court is to have a proper investigation carried out regarding her discrimination allegations * * * and for affirmative steps to be taken to correct them.
>
> And for the Court to take affirmative steps to stop the serious forms of retaliation targeted at the complainant for her involvement in bringing forth this serious discrimination case * * * which under the Fair Housing Act both these charges should have been protected and investigated by HUD * * * But were not.

Complaint ¶¶ 16–18.

On June 30, 1994, defendant moved to dismiss the complaint and submitted a Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint for Failure to State a Claim ("Def.Mem."). Defendant based its motion to dismiss on the following grounds: 1) plaintiff has no implied or express right of action against HUD; and 2) HUD's determination is not reviewable under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706 (1988). Def. Mem. at 5–10.

On August 26, 1994, plaintiff submitted a memorandum of law in opposition to defendant's motion to dismiss, restating her allegations of an inadequate investigation by HUD and improper treatment by HUD employees. Pl. Mem. at 1–3. Plaintiff also submitted copies of letters written to HUD officials to document her allegations of mistreatment by

HUD employees. *See* Letter from Plaintiff to Burton Bloomberg, Acting Regional HUD Administrator, of July 15, 1994 (attached to Pl. Mem.). Defendant responded by letter on September 8, 1994, stating that because plaintiff's memorandum failed to address any of the issues raised in defendant's motion to dismiss, defendant would rely on the arguments set forth in its previous submission to the court. Defendant's September 8, 1994 Letter in Response to Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss ("Def. Letter") at 1.

## DISCUSSION

### The FHA

■ The FHA makes it unlawful, in connection with the sale, rental or financing of housing, to discriminate against a person on the basis of race, color, religion, sex, handicap, national origin, or familial status. 42 U.S.C. § 3604. The FHA also makes it unlawful to intimidate or threaten a person who is exercising her rights under the FHA. *Id.* § 3617.

A person who has been injured by a discriminatory housing practice may file a complaint with the Secretary of HUD (the "Secretary") "not later than one year after an alleged discriminatory housing practice has occurred or terminated * * *." *Id.* § 3610(a)(1)(A)(i). Section 3610 of the FHA states in relevant part:

> The Secretary shall, within 100 days after the filing of the complaint * * *, determine based on the facts whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, unless it is impracticable to do so * * *. If the Secretary is unable to make the determination within 100 days after the filing of the complaint * * *, the Secretary shall notify the complainant and respondent in writing of the reasons for not doing so.

*Id.* § 3610(g)(1).[2]

If the Secretary determines that reasonable cause exists, the Secretary must imme-

---

**2.** The Code of Federal Regulations states that

when HUD makes a determination as to whether

diately issue a charge on behalf of the complainant. *See id.* § 3610(g)(2)(A). "If the Secretary determines that no reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur, the Secretary shall promptly dismiss the complaint. The Secretary shall make public disclosure of each such dismissal." *Id.* § 3610(g)(3).

Regardless of whether or not HUD determines that reasonable cause exists, a plaintiff may initiate a suit in federal district court no "later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice * * *." *Id.* § 3613(a)(1)(A). Specifically, § 3613 of the FHA states:

> [a]n aggrieved person may commence a civil action in an appropriate United States District Court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

*Id.* § 3613(a)(1)(A).

### Express or Implied Right of Action Against HUD

The statute is silent as to whether HUD's determination to dismiss a complaint is reviewable in federal court. Thus, there is clearly no express right of action pursuant to the FHA. I therefore turn to the existence of an implied private right of action against HUD for its alleged failure to adequately investigate plaintiff's complaint. I find that there is no implied private right of action.

In *NAACP v. Secretary of Housing & Urban Dev.*, 817 F.2d 149 (1st Cir.1987), an action was brought against the Secretary of HUD for its failure to administer programs in furtherance of the policies contained in § 3608(e)(5) of the FHA.[3] The district court dismissed the claim in part on the ground that no implied cause of action exists under the FHA, and First Circuit affirmed, stating:

> One would ordinarily expect, however, that when Congress means to permit a private party to ask a court to review the legality of federal actions in a manner that differs from APA review, Congress will say so explicitly in the statute. *See, e.g.,* 29 U.S.C. § 160(e), (f) (setting forth provisions for review of NLRB orders). Otherwise, it is reasonable to assume that Congress meant the APA to govern.

*NAACP*, 817 F.2d at 153; *see also Pleune v. Pierce*, 697 F.Supp. 113, 119–20 (E.D.N.Y. 1988) (concluding that no private right of action exists under FHA to challenge HUD's approval of Urban Development Action Grant); Def. Mem. at 5–7.

In addition, it is well settled that there is no implied cause of action against the Equal Employment Opportunity Commission ("EEOC")—an agency analogous to HUD in structure and mission—to challenge its investigation and processing of employment discrimination charges. *See Peavey v. Polytechnic Inst.,* 749 F.Supp. 58, 58–59 (E.D.N.Y.1990), *aff'd,* 940 F.2d 648 (2d Cir. 1991), and cases cited therein; *see also Scheerer v. Rose State College,* 950 F.2d 661, 663 (10th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992).

I therefore find that plaintiff may not sue HUD under the FHA because the FHA provides no express or implied right of action against HUD.

### Reviewability under the APA

■ The APA states that all agency actions are reviewable if they are "made reviewable by statute" or if there was a "final agency action for which there is no other adequate remedy in a court * * *." 5 U.S.C.

---

or not reasonable cause exists, the

> determination shall be based solely upon the facts concerning the alleged discriminatory housing practice provided by complainant and respondent and otherwise disclosed during the investigation. In making this determination, the Assistant Secretary shall consider whether the facts concerning the alleged discriminatory

> housing practice are sufficient to warrant the initiation of a civil action in federal court.

24 C.F.R. § 103.400(a)(1)(1994).

**3.** Section 3608(e)(5) instructs the Secretary of HUD to "administer the programs and activities relating to housing and urban development in a manner affirmatively to further the policies of [the FHA] * * *." 42 U.S.C. § 3608(e)(5).

§ 704. As discussed above, HUD's "no cause" determination is not reviewable pursuant to statute. I must therefore determine whether plaintiff has an alternative adequate remedy in court.[4]

Because § 3613(a)(2) allows a complainant to proceed in federal court against the perpetrator of the discriminatory practice(s) even if HUD determines that no "reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur," 42 U.S.C. § 3610(g), I find that plaintiff has a reasonable alternative and therefore review under APA is not available.[5] *See, e.g., Ward v. EEOC,* 719 F.2d 311, 314 (9th Cir. 1983) (affirming summary judgment for EEOC where claim that agency negligently processed discrimination complaint was not reviewable under APA because plaintiff "could and did remedy the EEOC's failure to prosecute his discrimination charge diligently by directly suing his employer in federal district court"), *cert. denied,* 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); *Washington Legal Found. v. Alexander,* 984 F.2d 483, 486–87 (D.C.Cir.1993) (holding that private right of action under Title VI of Civil Rights Act or Title IX of Education Amendments was adequate alternative remedy precluding suit under APA to compel Department of Education to commence federal fund termination proceeding); *Hall v. EEOC,* 456 F.Supp. 695, 700–01 (N.D.Cal.1978) (concluding that action of EEOC in devising acceler-

ated procedures for processing discrimination charges was not reviewable by federal court under APA because opportunity for complainants to file *de novo* action in federal court under Title VII was adequate remedy to charge that EEOC failed to properly investigate claims). *But see New York City Emp. Retirement System v. SEC,* 843 F.Supp. 858, 868–71 (S.D.N.Y.1994) (rule adopted by SEC informing corporation that SEC would not take enforcement action against it was reviewable under APA because no adequate alternative remedy was available to institutional investors).[6]

## CONCLUSION

For the foregoing reasons, I recommend that defendants' motion to dismiss be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kimba M. Wood, Room 414, and to the chambers of the undersigned, Room 631. Any requests for an extension of time for filing objections must be directed to Judge Wood. Failure to file objections may result in a waiver of those

---

4. The Supreme Court has stated that when Congress enacted § 704 of the APA it "did not intend * * * the APA to duplicate existing procedures for review of agency action. As Attorney General Clark put it the following year, § 704 'does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures.' " *Bowen v. Massachusetts,* 487 U.S. 879, 903, 108 S.Ct. 2722, 2736, 101 L.Ed.2d 749 (1988) (holding that federal district court rather than Claims Court had jurisdiction to review Medicaid disallowance decision by Health and Human Services, because Claims Court was inadequate alternative remedy under APA).

5. Defendant argues that review under the APA is also barred because HUD's decision is not a final agency action, as required by § 704 of the APA. *See* Def. Mem. at 9–10. Because I recommend that plaintiff's claim be dismissed on other grounds, I need not address this issue.

6. Review of HUD's determination to dismiss plaintiff's complaint might also be barred by *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) and its progeny. The *Chaney* Court held that judicial review of an agency's failure to take enforcement action under the APA is not available if the agency action is committed to agency discretion by law and there are insufficient guidelines by which to judge the agency's decision. *Id.* at 832–34, 105 S.Ct. at 1656–57; *see also Marlow v. U.S. Dept. of Educ.,* 820 F.2d 581, 582–83 (2d Cir.1987) (review of Department of Education's determination that Board of Education had not discriminated against plaintiff not reviewable under APA because relevant section of Rehabilitation Act "provides no express guidelines for such a decision and indeed neither the statute nor the regulations impose significant substantive limitations on the Department's investigation and resolution of individual complaints of discrimination"), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 780, 98 L.Ed.2d 866 (1988).

objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983).

September 19, 1994