# UNITED STATES COURT OF APPEALS

Filed 4/18/96

## TENTH CIRCUIT

---

BILLY GENE MARSHALL,

    Plaintiff-Appellant,

v.

RON CHAMPION and LARRY FIELDS,

    Defendant-Appellees.

No. 95-5187
(D.C. No. 94-C-866-BU)
(N. Dist. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Mr. Billy Gene Marshall filed this pro se action under 42 U.S.C. § 1983, alleging

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

that Oklahoma prison officials denied him a visit with his mother and convicted him of misconduct, both in violation of the Due Process Clause. The district court held that Mr. Marshall did not have a liberty interest in visitation rights nor in remaining free from disciplinary segregation and granted summary judgment to the defendants. Mr. Marshall appeals, and we affirm.

On July 3, 1994, Mr. Marshall's mother and two other visitors arrived at Dick Connor Correctional Center and requested to visit with Mr. Marshall. All three visitors were approved in advance and presented photo identification. Mr. Marshall's mother was denied permission to see him, however, because she did not present one of the required forms of identification.[1]

When officers told Mr. Marshall his mother would not be allowed to visit, he demanded to leave the visiting area. Mr. Marshall was directed to go to the visiting yard because a prison count was in process, but he refused. He was then escorted to the Shift Supervisor's office where he was detained until the prison count was completed.

A misconduct report was filed charging Mr. Marshall with "Disobedience to Orders." Four days later, Mr. Marshall was found guilty of the misconduct at a disciplinary hearing and was sentenced to fifteen days of disciplinary segregation. His appeal to the warden was denied, and he filed the instant civil rights action.

Mr. Marshall's due process rights were triggered only if he had a protected liberty

---

[1] Mr. Marshall's mother presented a social security card with a photo attached.

or property interest with which the state interfered. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A liberty interest may arise either from the Due Process Clause itself or from state law. Id. In Thompson, the Court held "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." Id. at 461 (citation omitted).

We agree with the district court's reasoning that under Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), the denial of visitation to Mr. Marshall's mother did "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Accordingly, we hold that the denial of visitation did not violate Mr. Marshall's due process rights.

The district court also held Mr. Marshall's disciplinary segregation did not interfere with a protected liberty interest. Mr. Marshall argues, that his reclassification to class 1 for purposes of good time credit directly affected the term of his imprisonment and therefore interfered with a protected liberty interest. See Sandin, 115 S.Ct. at 2302 ("Nor does [defendant's] situation present a case where the State's action will inevitably affect the duration of his sentence."). Assuming, arguendo, the protections of the Due Process Clause were triggered, Mr. Marshall received all process required.[2]

---

[2] We may affirm the district court's judgment on any ground supported by the record. Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir. 1991).

Under Wolff v. McDonnell, 418 U.S. 539, 556 (1974), "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." At a minimum, an inmate must be given written notice sufficient to inform him of the charges and to prepare a defense. Id. at 563-64. However, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Sandin, 115 S.Ct. at 2299.

In the present case, Mr. Marshall argues that his due process rights at the disciplinary hearing were violated in several respects. First, he contends he had the right "to expect that he may be allowed to present witness testimony . . . ." Aplt. Br. at 20. Mr. Marshall does not allege that he requested witnesses and was refused. Rather, Mr. Marshall refused to cooperate with the investigating officer. Had he chosen to do so, he could have informed the officer that he wished to call witnesses. Moreover, "the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution." Wolff, 418 U.S. 566. We hold that Mr. Marshall's due process rights were not violated because he refused to cooperate in the investigation or request that witnesses be called in his defense.

Mr. Marshall also asserts he was denied twenty-four hours in which to prepare a defense. The undisputed facts do not support his argument. Mr. Marshall was served with his copy of the misconduct report on July 5, 1994. He requested a hearing and

signed the report. The hearing was held on July 7, 1994, two days after Mr. Marshall was notified of the charges against him. Mr. Marshall clearly received more than the twenty-four hours he argues he should have received to prepare a defense.

Mr. Marshall next contends defendants failed to provide a staff representative. Mr. Marshall refused to participate in the investigation and did not request a staff representative. Furthermore, "[t]he insertion of counsel into the disciplinary process would inevitably give the proceedings a more adversary cast and tend to reduce their utility as a means to further correctional goals. . . . [W]e are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings." Wolff, 418 U.S. at 570. Mr. Marshall's due process rights were not violated with respect to his failure to receive a staff representative. Although Mr. Marshall's complaint may be liberally construed to raise several other arguments, they do not call into question the minimum due process requirements enunciated in Wolff.

We therefore AFFIRM the district court's grant of summary judgment to defendants. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-