**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEWIS AARON COOK,

     Plaintiff - Appellant,

v.

TULSA POLICE DEPARTMENT, sued
as: one male police officer and two
female officers; J. E. WHITESHIRT;
G. S. MILLER; STOREY WRECKER
SERVICE, INC., sued as: AL STOREY
WRECKER, INC.,

     Defendants - Appellees.

No. 99-5084

(D.C. No. 98-CV-100-K)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

Plaintiff, proceeding pro se, appeals the district court's dismissal of his

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

civil rights action filed under 42 U.S.C. § 1983. In his original complaint, filed February 5, 1998, Plaintiff named as defendants "One Male Police Officer," "Two Female Police Officers," and Storey Wrecker, Inc. R., Vol. I at Doc. 1. He claimed that during a traffic stop on February 7, 1996, the unknown officers violated his civil rights. In effect, the action was a "John Doe" complaint as to the police officers. While the action was filed within the applicable two-year statute of limitations, see Scheerer v. Rose State College, 950 F.2d 661, 664 (10th Cir. 1991), it was not amended to identify the police officers until March 18, 1998, after the statute of limitations had run.

Responding to Defendants' motion, the court dismissed the action against the named police officers and the Tulsa Police Department as time-barred. It determined that the relation-back provision of Fed. R. Civ. P. 15(c) did not apply because the individual defendants "had no 'identity in interest' to the unnamed police officers[] and were not timely notified of the case pending against them." R., Vol. I, Doc. 36 at 4-5. Pursuant to 28 U.S.C. § 1367(c)(3), the court also exercised its discretion to dismiss the pendant state action against Defendant Storey Wrecker, Inc., concluding that the allegations were insufficient to maintain a federal cause of action.

We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6). See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d

1226, 1236 (10th Cir. 1999). Accepting as true all well-pleaded factual allegations in the complaint and construing them in the light most favorable to the nonmoving party, a court may properly dismiss a complaint for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45- 46 (1957). We review the court's decision regarding the exercise of pendant state jurisdiction for an abuse of discretion. See 28 U.S.C. § 1367(c).

The district court thoroughly analyzed whether the amendment to name the individual officers related back to the original filing. After reviewing the record, the briefs, and the relevant authorities, we find no error in the district court's analysis or judgment. We likewise conclude that the court did not abuse its discretion in dismissing the pendant state law claims. We therefore affirm for the reasons given by the district court in its Order filed April 14, 1999.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-