**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHAMBALA J.E. HOLLIS,

    Plaintiff - Appellant,

v.

AEROTEK, INC.; BRAD MULCAHY;
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION; FRANK
E. VENTURA; UNITED STATES OF
AMERICA,

    Defendants – Appellees,

EC MANUFACTURING,

    Defendant.

No. 16-3004
(D.C. No. 2:14-CV-02494-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

    Chambala Hollis, proceeding pro se, appeals the summary judgment entered in

favor of defendants Aerotek, Inc. and Brad Mulcahy on his claims for race and

disability discrimination. We affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Viewing the facts in the light most favorable to Mr. Hollis, *see Brown v. ScriptPro, LLC,* 700 F.3d 1222, 1224 (10th Cir. 2012), the record establishes the following:  Aerotek was a staffing agency in Overland Park, Kansas.  Mr. Mulcahy was a recruiter for Aerotek.  Part of Aerotek's business was to recruit job applicants for temporary contract positions with another company, EC Manufacturing (ECM).  Rachel Reinhart managed the ECM account for Aerotek.  She reviewed resumes referred by recruiters such as Mr. Mulcahy and referred likely candidates to ECM.  She emphasized to the recruiters that ECM required applicants who interviewed well.  ECM, not Aerotek, selected persons to hire.

On June 12, 2014, Mr. Hollis met with Mr. Mulcahy seeking a referral to ECM.  Mr. Hollis is an African American.  Mr. Mulcahy is white.  During the meeting, Mr. Mulcahy reviewed Mr. Hollis's resume and asked about the gap in his employment between 2009 and 2013.  Mr. Hollis explained that he had been disabled or was on disability.  Mr. Mulcahy allegedly responded, "you don't look like . . ." and then did not finish the sentence.  R. at 894.  Mr. Mulcahy did not ask for further information about a disability and Mr. Hollis offered none.

Mr. Hollis requested a referral to ECM for a production position. Mr. Mulcahy said ECM was looking for someone with at least a year of recent, relevant experience, and Mr. Hollis did not have the necessary experience. Mr. Hollis stated that an on-line job posting for ECM did not mention this requirement and, further, he had the necessary experience.  Mr. Mulcahy explained

2

that not all details were posted on-line.  In his deposition, Mr. Hollis conceded his resume did not reflect any production work experience.

According to Mr. Mulcahy, he declined to recommend Mr. Hollis for further consideration because (1) his work experience and employment history were not what ECM required, (2) Aerotek managers would question any recommendation to refer him to ECM for an interview, and (3) his conduct during the interview was argumentative and he would not interview well.  Mr. Mulcahy offered to place Mr. Hollis in a short-term position with an employer other than ECM in a production assembly job.  Mr. Hollis refused and asked for a job with ECM.  Mr. Hollis alleges he said to Mr. Mulcahy, "[Y]ou don't trust that I can do the job," and Mr. Mulcahy replied, "[N]o, because y'all always come out here saying y'all can work." *Id.* at 662.  Mr. Hollis left the meeting.  As he was leaving, he asserts Mr. Mulcahy said, "I'm going to give you one more opportunity.  I'm trying to help you here." *Id.* Mr. Hollis declined and left.  Mr. Mulcahy's interview notes indicated he believed Mr. Hollis was not qualified for employment with ECM and when offered other job opportunities, "he became combative . . . [and t]ried to argue." *Id.* at 851.

Between June 12, 2014 and June 30, 2014, Aerotek placed 110 workers with ECM, 102 of which were production positions.  Of the 102, 51 identified themselves as Black/African American, 17 as white, 25 as other non-white races, and 9 declined to identify their race.  Mulcahy referred 14 workers who were hired by ECM.  Ten of those workers were hired in production positions.  Of those, six were African American, three were white, and one was Asian.

3

Mr. Hollis exhausted his administrative remedies by filing a complaint with the EEOC. Frank Ventura interviewed him and concluded no further agency action was indicated. After receiving a right-to-sue letter, Mr. Hollis filed suit claiming race discrimination in violation of Title VII, *see* 42 U.S.C. § 2000e-2, and disability discrimination in violation of the Americans With Disabilities Act (ADA), *see id.* § 12112. The district court granted the motion for summary judgment filed by Aerotek and Mr. Mulcahy, and denied Mr. Hollis's subsequent motion for post-judgment relief filed under Fed. R. Civ. P. 59(e) and 60(b). Mr. Hollis appeals the grant of summary judgment on his race- and disability-discrimination claims. He also appeals the order dismissing his claims against the EEOC and Mr. Ventura. He has abandoned all other claims, including those against ECM.

## II.    DISCUSSION

### A. Applicable Law

We review de novo the district court's grant of summary judgment. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). We view the evidence and draw all reasonable inferences in favor of Mr. Hollis as the nonmoving party. *Id.* Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We . . . review the district court's denial of a motion to reconsider for abuse of discretion, whether it is construed as a Rule 59(e) or Rule 60(b) motion." *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

4

We have liberally viewed Mr. Hollis's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

Under both Title VII and the ADA where, as here, the plaintiff relies on circumstantial evidence of discrimination, the following three-step analysis applies: (1) the plaintiff must establish a prima facie case of discrimination; (2) if he does so, the defendant must proffer a legitimate, non-discriminatory reason for the adverse employment action; and (3) if the employer does so, the plaintiff must then show there is a genuine issue of material fact as to whether the employer's stated reason is genuine or pretextual. *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) (Title VII); *Smothers*, 740 F.3d at 538 (ADA). "The plaintiff may establish pretext by showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Bennett*, 792 F.3d at 1267 (internal quotation marks omitted).

The parties do not dispute that Mr. Hollis established a prima facie case of race and disability discrimination, or that the defendants proffered a legitimate, non-discriminatory reason for not referring him for consideration by ECM.

5

Accordingly, the issue is whether Mr. Hollis has met his burden to show a genuine issue of material fact as to whether the stated reason is pretextual.

## B. Issues one and four

For his first and fourth issues, Mr. Hollis argues the district court improperly considered fabricated evidence and statements that characterized him as argumentative and combative at his interview with Mr. Mulcahy. He contends Mr. Mulcahy used this mischaracterization to justify his opinion that Mr. Hollis would not interview well at ECM. Although Mr. Hollis's claim is based on a conversation he alleges he had with counsel for the defendants in which counsel admitted to fabricating the evidence, he did not raise this claim until his post-judgment motion. The district court held the issue was untimely and did not warrant relief from summary judgment.[1] We agree. A post-judgment motion "is not appropriate to advance arguments that could have been raised in prior briefing." *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1309 (10th Cir. 2014) (ellipsis and internal quotation marks omitted). We reject Mr. Hollis's contention that the district court should have taken judicial notice and stricken the evidence, particularly where counsel disputes his allegations. *Cf. O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) ("We review the district court's decision not to take judicial notice for abuse of discretion.").

---

[1] Mr. Hollis alleges he conveyed this information to the magistrate judge by telephone and email, but he apparently did not request a ruling or otherwise include the issue in a filing until his post-judgment motion. Therefore, the district court properly held the issue was untimely.

Having affirmed the district court's refusal to address the fabrication claim, we consider Mr. Hollis's argument that Mr. Mulcahy unfairly characterized his behavior as combative and argumentative. "Although the presence of subjective decision-making can create a strong inference of discrimination, the use of subjective considerations by employers is not unlawful per se." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1145 (10th Cir. 2009) (internal quotation marks omitted). "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear *to the person making the decision*; we do not look to the plaintiff's subjective evaluation of the situation." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1044 (10th Cir. 2011) (citation and internal quotation marks omitted). Thus, Mr. Hollis's disagreement with Mr. Mulcahy's assessment of his demeanor is insufficient to resist summary judgment.

Moreover, the view that Mr. Hollis was combative and argumentative was not the sole, or even the primary, reason for Mr. Mulcahy's decision not to recommend Mr. Hollis for an ECM position. Mr. Mulcahy determined Mr. Hollis's resume did not qualify him for the job he sought. And Mr. Mulcahy offered to place Mr. Hollis in a job with an employer other than ECM, indicating even though Mr. Mulcahy perceived Mr. Hollis as combative and argumentative, that did not disqualify him for all jobs. Therefore, we conclude Mr. Hollis has not demonstrated that the combative-and-argumentative characterization was a pretext for discrimination. *See Turner*, 563 F.3d at 1145 ("We thus typically infer pretext only when the criteria on which

7

the employers ultimately rely are *entirely subjective* in nature." (ellipsis and internal quotation marks omitted)).

### C. Issues two, three, and five

For his second, third, and fifth issues, Mr. Hollis challenges the district court's determination that Mr. Mulcahy's statements were insufficient to demonstrate race and disability discrimination. He contends Mr. Mulcahy's remark, "Y'all always come out here saying y'all can work," referred to African Americans. In addition, he asserts Mr. Mulcahy's response of, "You don't look like . . ." when Mr. Hollis told him he had been on disability, is evidence of disability discrimination. Mr. Hollis further contends Mr. Mulcahy's requirement that he prove himself at a temporary job was impermissibly based on his disability.

Mr. Hollis simply disagrees with the district court's holding that these remarks do not indicate any discriminatory intent. The remarks are "[race]-neutral on [their] face and will not, without more, support an inference of discriminatory intent . . . . [A]n isolated and ambiguous comment is generally considered too abstract to support an inference of discrimination." *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1151 (10th Cir. 2008). In addition, "an employee's subjective belief in a comment's invidious nature also does not support an inference of discriminatory intent." *Id.*

Mr. Hollis next argues he was qualified for employment by ECM and therefore the suggestion that he take a different job demonstrated disability discrimination. He

8

does not, however, attempt to refute the district court's characterization of his resume as inadequate to meet ECM's job requirements.

To support an inference of pretext, a plaintiff must produce evidence that the employer's reasons for the employment decision were different from the stated reasons and served a "hidden discriminatory agenda." *Johnson v. Weld Cty.*, 594 F.3d 1202, 1211 (10th Cir. 2010) (applying Title VII); *accord EEOC v. Picture People, Inc.*, 684 F.3d 981, 988 (10th Cir. 2012) (applying ADA). The court's "role is not to act as a super personnel department that second guesses employers' business judgments." *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 948 (10th Cir. 2011) (brackets, ellipsis and internal quotation marks omitted). We conclude Mr. Hollis's characterization of the evidence would not persuade a reasonable jury that Mr. Mulcahy's remarks and offer of an alternative job were a disguise for race or disability discrimination.

As part of his fifth issue, Mr. Hollis claims the district court erred in rejecting his statistical data, which he asserts demonstrated that Mr. Mulcahy's "Y'all" remark referred to African-American applicants. Mr. Hollis contends "that African Americans were being laidoff/fired [sic] in multiples of up to 350 in a single period. By 8/29/2015 only 12 employees remained." Aplt. Opening Br. at 20. Mr. Hollis has provided no citation to the record for this assertion. Moreover, the assertion apparently applies to ECM, not Aerotek or Mr. Mulcahy. Therefore, it cannot support reversal of the summary judgment.

9

## D. Issues Six, Seven, and Eight

Sixth, Mr. Hollis avers he was similarly situated to other applicants Mr. Mulcahy referred to ECM, thus indicating race was a factor in not referring him. "[T]o prove discriminatory animus with evidence that [an] employer treated [the plaintiff] differently from other employees[, he] bears the burden of showing that the comparison is legally relevant—i.e., that the employees were similarly situated." *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1182 (10th Cir. 2002).

Although Mr. Hollis names three allegedly comparable white applicants who were hired by ECM, he does not explain why they were similarly situated to him. The district court determined they were not similarly situated. One was not interviewed by Mr. Mulcahy; another was hired for an inspection position, rather than a production position Mr. Hollis sought and there was no information about his qualifications; and the third had been referred to Aerotek for a production position by another ECM employee and had made a very favorable impression on Mr. Mulcahy during the interview. On appeal, Mr. Hollis presents only the conclusory assertion that his own resume was "not so different" from the resumes of those he claims were similarly situated, Aplt. Opening Br. at 20, and even though he was qualified, he was rejected. He has not cited to evidence supporting his claim, nor has he attempted to demonstrate he was similarly situated to those who were hired by ECM. Because Mr. Hollis has not put forward a reasoned argument in support of his claim, we do not consider it. *See Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008) (refusing to consider an appellate argument where appellant failed to

10

advance a reasoned argument to support it); *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (internal quotation marks omitted)).

In a related argument, Mr. Hollis asserts he was treated less favorably than other applicants based on his disability. He asserts other applicants were not required to demonstrate their ability to work for ECM by taking a short-term position with another employer. But Mr. Hollis has not identified any non-disabled applicant who was not offered a position with a different employer. Consequently, this argument does not show pretext.

Mr. Hollis's eighth issue is also related to his argument concerning similarly situated applicants. He contends the district court improperly excluded as hearsay his evidence of telephone interviews he conducted with ECM employees. The district court perceived the purpose of this evidence to be to show Mr. Hollis was situated similarly to various current and former ECM employees. The court determined this evidence was improper hearsay. *See Johnson*, 594 F.3d at 1208-10 (holding witnesses' out-of-court statements reported by the plaintiff were inadmissible on summary judgment).

Mr. Hollis now asserts the out-of-court statements were not submitted for the truth of the matter asserted. He says they were not intended to refute Aerotek's claim that it had a nondiscriminatory reason for its action—Mr. Hollis did not have experience in a high-speed, automated, clean-room environment. Mr. Hollis does

11

not, however, identify the purpose of this evidence. Our review of the record reveals

Mr. Hollis proffered the statements to show ECM employees were not required to

have experience, but were trained after hire, thus demonstrating that Mr. Mulcahy's

reasons for not referring him were pretextual. We find no abuse of discretion in the

district court's decision to exclude the ECM employees' out-of-court statements on

hearsay grounds. *See United States v. Blechman*, 657 F.3d 1052, 1064 (10th Cir.

2011) (reviewing hearsay ruling for abuse of discretion).

### E. Issue Nine

Ninth, Mr. Hollis makes a cursory argument that "the district court erred on

the issue of the company wide discrimination." Aplt. Opening Br. at 23. He

apparently refers to discrimination perpetrated by Aerotek. But again, he has not

presented any reasoned argument in support of this claim. Therefore, we do not

address it. *See Habecker*, 518 F.3d at 1223 n.6; *Wooten*, 377 F.3d at 1145.

### F. Issue Ten

For his tenth and final point, Mr. Hollis appeals the district court's order

dismissing the EEOC and Mr. Ventura, the EEOC investigator who processed his

claim.[2] "[N]o cause of action against the EEOC exists for challenges to its

processing of a claim." *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir.

---

[2] The district court substituted the United States as a party in place of
Mr. Ventura. *See* 28 U.S.C. § 2679(d)(1) (providing for substitution of the United
States for an employee where "the defendant employee was acting within the scope
of his office or employment at the time of the incident out of which the claim arose").
For ease of reference, we refer to Mr. Ventura.

12

1992) (internal quotation marks omitted)); *accord Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (same; collecting cases). As to Mr. Ventura, Mr. Hollis's claims are barred by the discretionary function exception to the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. 2680(a) (providing sovereign immunity is not waived where the claim is based upon an act or omission of a government employee in "the exercise or performance [of] . . . a discretionary function . . ., whether or not the discretion involved be abused").

Mr. Hollis asserts the discretionary function exception does not apply because Mr. Ventura "falsif[ied] statements, questions, answers and documents." Aplt. Opening Br. at 23. But the FTCA does not waive sovereign immunity for "'[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit.'" R. at 239 (quoting 28 U.S.C. § 2680(h)). Mr. Hollis's falsification claims fall under this provision, so they are barred.

## III.  CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

13