43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark ALLEN, Plaintiff-Appellant,
v.
Joe LUCERO, individually and in his capacity as Sheriff in
Fremont County, Wyoming; John S. Coppock, aka Jack Coppock,
individually and in his capacity as Undersheriff in Fremont
County, Wyoming; Fremont County, Wyoming, by and through
its Board of County Commissioners, Defendants-Appellees.
 No. 94-8005.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an adverse district court judgment in this combination civil rights/wrongful discharge action. Following his termination from the Fremont County Sheriff's Department, plaintiff brought suit under 42 U.S.C.1983 seeking redress for alleged due process violations in connection with the disciplinary proceedings leading to his discharge. He also asserted claims for alleged procedural improprieties, tortious misconduct, and breach of contract under the constitution, statutes, and common law of Wyoming. After conducting two hearings on defendants' motions for summary judgment, the district court held plaintiff could not establish a triable issue to forestall summary judgment on his 1983 claim, and dismissed the remaining state claims without prejudice pursuant to 28 U.S.C. 1367(c)(3)("district courts may decline to exercise supplemental jurisdiction over a [nonfederal] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").
 
 
 3
 Plaintiff challenges the district court's disposition in two respects. First, plaintiff notes the district court did not expressly address the merits of his substantive due process claim, and contends we must reverse and remand for explicit consideration of this claim. Second, plaintiff maintains the district court erred in holding that his pre-termination notice of the charges underlying his discharge was constitutionally adequate. Upon de novo consideration of these arguments, see James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994), we affirm for the reasons stated below.
 
 
 4
 The primary facts framing the issues to be resolved can be summarized as follows. On September 18, 1991, plaintiff was called to a meeting with three supervisors to respond to a citizen complaint filed by a woman who had seen him strike an arrestee restrained by handcuffs in his vehicle. Plaintiff gave his version of the incident, in which he admitted only seizing the arrestee by the chin to hold his attention. At the conclusion of the meeting, plaintiff was directed to submit a written response to the complaint, which he did a few days later. On September 23, 1991, plaintiff was informed that a disciplinary board would meet on September 30, 1991, to consider three potential violations of department regulations in connection with the incident: (1) failure to file a complete, accurate report of the incident (plaintiff's arrest report had not mentioned any altercation with the arrestee), (2) mistreatment of a person in custody, and (3) use of excessive force. Before the board, plaintiff had the opportunity to review the pertinent statements in the record (a second witness' statement revealed she had not seen anything) and to recite his version of the facts. Following the hearing, the board issued a preliminary decision, finding plaintiff guilty of the first two charges, but withholding its conclusion on the third pending polygraph tests.[2]
 
 
 5
 Both plaintiff and the primary witness underwent the tests, which registered the witness as truthful and plaintiff as "inconclusive." The board reconvened on October 8, 1991, to consider these results, along with a statement recently obtained from the arrestee involved in the incident.[3] Following its deliberations, the board issued a second decision, this time finding plaintiff guilty of the third charge as well. Upon receiving this decision, the sheriff reconvened the board to obtain a recommendation of appropriate disciplinary action. The board recommended termination in the event plaintiff refused to resign. The sheriff implemented this recommendation and discharged plaintiff as of October 10, 1991. Plaintiff was offered, and initially invoked, a post-termination review procedure, but later abandoned the process in favor of direct resort to federal court.
 
 
 6
 Turning now to the first issue on appeal, we note the district court's failure to explain its rejection of the substantive component of plaintiff's due process claim does not necessitate reversal and remand if there are legal grounds evident in the record sufficient to justify rejection of the claim. See generally Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992). In contrast to procedural due process, which deals with the procedural propriety of government conduct, substantive due process is concerned with abusive or arbitrary action that is beyond the permissible bounds of government power per se, regardless of how fairly it is implemented. See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1567-68 (10th Cir.1993). Thus, in our view, substantive due process is simply not implicated by the purely procedural objections with which plaintiff explicitly links his claim in the amended complaint. See Appendix to Appellant's Brief (App.) at 30 (terminating plaintiff "without providing him with a notice of the charges and an opportunity to request and attend a fair and impartial hearing ... deprived plaintiff of his position without substantive and procedural due process"). Furthermore, plaintiff's conclusory reference to unsubstantiated allegations of concerted, "conscience-shocking" persecution by defendants, see Brief of Appellant at 14-15, does not suffice to establish the existence of a triable issue. See Flight Concepts Ltd. Partnership v. Boeing Co., No. 93-3158, 1994 U.S.App. LEXIS 30522, at * 7 (10th Cir. Nov. 1, 1994)(nonmoving party may not rely on mere allegations in pleadings to overcome summary judgment motion); see also Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir.) (when party appealing summary judgment fails to include citations to evidence in opposition to motion, this court will not search the record to determine whether it contains dormant evidence which might require submission of case to jury), cert. denied, 113 S.Ct. 635 (1992). Defendants were entitled to judgment as a matter of law on plaintiff's substantive due process claim.
 
 
 7
 Plaintiff's appellate briefs raise only one objection to the disposition of his procedural due process claim.[4] The disciplinary board included in its recommendation of termination a general reference to plaintiff's apparently poor disciplinary record: "in light of the severity of these charges [relating to the excessive force incident] and [plaintiff's] numerous reprimands in the past, the board must recommend termination." App. at 274. Plaintiff contends this supplemental reliance on his disciplinary record was improper, because he had not been given notice of any need to defend himself in this regard when appearing before the board. The district court rejected this argument, because "the personnel manual itself stated that an employee's disciplinary history would be considered in any progressive discipline. Thus, [plaintiff] had notice that the contents of his personnel file might be considered." App. at 299.
 
 
 8
 We agree with the district court's treatment of this issue. The Eighth Circuit recently rejected a similar due process objection, and its analysis fully supports the district court's conclusion here:
 
 
 9
 The Hearing Officer appointed by the Police Board held a single evidentiary hearing at which [plaintiff] ... had full opportunity to present his side of the case and at which all of the evidence regarding [plaintiff's] alleged violation of the sick leave policy was presented. The background sheet that was distributed at the subsequent meeting of the Police Board detailing [plaintiff's] disciplinary record ... cannot be characterized as new evidence to which [plaintiff] must be allowed to respond. [Plaintiff's] prior disciplinary problems were not allegations but facts that [plaintiff] must have known the Police Board would consider in arriving at its decision [pursuant to a personnel manual rule providing for consideration of the accused's service record in connection with any disciplinary assessment].... The ultimate reason for [plaintiff's] discharge were his violation of the sick leave regulations together with his having been absent without leave, and he was given ample opportunity to respond to each of these charges.
 
 
 10
 Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1413 (8th Cir.1990)(footnote omitted).
 
 
 11
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The board evidently deemed plaintiff's admitted conduct sufficient to constitute custodial mistreatment but insufficient to constitute excessive force, as those terms are used in the department's regulations
 
 
 [3]
 Plaintiff objects that he did not get to respond to the latter, but he admitted in his deposition that he would not have changed his statement to the board even if he had been afforded that opportunity
 
 
 [4]
 To the extent plaintiff's briefs include passing remarks suggesting a general dissatisfaction with the quality of his pre-termination process, we follow the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990); accord Hartmann v. Prudential Ins. Co., 9 F.3d 1207, 1212 (7th Cir.1993)