# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                                    Elisabeth A. Shumaker
Clerk                                                                      Chief Deputy Clerk

April 2, 1997


**TO:** All recipients of the captioned Order and Judgment

**RE:** 96-8074 Allen v. Lucero
March 31, 1997


Please be advised of the following correction to the captioned decision:

Defendant-Appellee John S. Coppock's last name is spelled incorrectly before the "aka" in the caption.  The correct spelling is as above.

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk


Susie Tidwell
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARK ALLEN,

      Plaintiff-Appellant,

v.

JOE LUCERO, individually and in his
capacity as Sheriff, Fremont County,
Wyoming; JOHN S. COPPOCK, aka
Jack Coppock, individually and in his
capacity as Under Sheriff, Fremont
County, Wyoming and FREMONT
COUNTY BOARD OF COUNTY
COMMISSIONERS,

      Defendants-Appellees.

No. 96-8074
(D.C. No. 92-CV-285)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Mark Allen appeals the district court's award of attorney fees and costs to defendants Joe Lucero, individually and in his official capacity, and John S. Coppock. The court awarded fees and costs to these defendants as prevailing parties in plaintiff's 42 U.S.C. § 1983 suit claiming due process violations in connection with the disciplinary proceedings leading to his discharge from the Fremont County Sheriff's Department.

In prior proceedings, the district court granted summary judgment to defendants. Plaintiff appealed to this court, and we affirmed. See Allen v. Lucero, No. 94-8005, 1994 WL 704738 (10th Cir. Dec. 19, 1994) (unpublished order and judgment). The underlying facts of this case can be found in this court's unpublished order and judgment, see id. at **1-2, and the Wyoming Supreme Court's disposition of plaintiff's state court action, see Allen v. Lucero, 925 P.2d 228, 229 (Wyo. 1996). Therefore,we will repeat here only those facts necessary to our disposition.

On September 18, 1991, plaintiff was called into a meeting with three of his supervisors following a citizen's complaint indicating that plaintiff had struck

an arrestee in handcuffs in plaintiff's squad car. Plaintiff offered his version of the incident stating that he had only grabbed the arrestee by the chin in order to get his attention. Following the meeting, plaintiff was asked to submit a written response to the complaint. He complied a few days later.

Plaintiff was advised that a disciplinary board was scheduled to meet on September 30, 1991, to consider plaintiff's alleged violations of department regulations. Both plaintiff and the complaining witness submitted to lie detector tests. The witness' test showed she was truthful while plaintiff's results were inconclusive.

Following two separate hearings on the charges, the disciplinary review board recommended that plaintiff either resign or be terminated. Plaintiff was notified of his right to challenge this recommendation, and he subsequently requested a hearing which was scheduled for October 30, 1991. Plaintiff requested several continuances of the hearing while he negotiated his resignation. When the negotiations proved unsuccessful, the hearing was rescheduled for January 7, 1992. Plaintiff notified the board that he would not attend the hearing, and he was retroactively terminated as of October 10, 1991.

Plaintiff then filed this civil rights action in federal district court, claiming violations of his right to due process in the Sheriff's department's termination procedures. The district court granted defendants' motion for summary judgment.

In affirming the district court's decision on appeal, this court rejected plaintiff's arguments that the district court inadequately addressed the merits of his substantive due process claim and that his pre-termination notice was constitutionally inadequate.  See Allen, 1994 WL 704738 at **2-3.

Defendants then moved for an award of attorney fees and costs pursuant to 42 U.S.C. § 1988.  The district court found that plaintiff's due process claim "was frivolous and not well-grounded either in law or in fact."  Appellant's App. at 51.  Consequently, the court awarded Mr. Lucero in his individual capacity, fees and costs in the amount of $30,593.60, Mr. Lucero in his official capacity, fees and costs in the amount of $23,936.55, and Mr. Coppock fees and costs in the amount of $18,902.50.  On appeal, plaintiff contends that the district court applied the wrong standard in determining whether attorney fees and costs should be awarded to defendants.

"We review the district court's attorney fee award for abuse of discretion, and will hold the underlying findings of fact reversible only if they are clearly erroneous."  Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995) (citations omitted).  "A court has abused its discretion when it 'based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling.'"  Id. (quoting Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990) (citations omitted)).

A prevailing defendant may be awarded attorney fees only if the plaintiff's claims are found to be "'frivolous, unreasonable, or groundless.'" Roadway Express Inc. v. Piper, 447 U.S. 752, 762 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a [civil rights] case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg, 434 U.S. at 421; accord Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995).

The district court found that the process due in an employment termination was "clear and well-settled law since the Supreme Court decided Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)," and had plaintiff read the decision, he would have known that he "had been provided with far more process than was due." Appellant's App. at 51-52. On appeal, plaintiff appears to concede the district court's finding that his claim was not well grounded in either law or fact, but asserts that the court did not make findings regarding the basis for its determination that the case was "vexatious, frivolous or brought harassment or embarrassment to the defendant." Corrective Br. of Appellant at 5. The district court thoroughly explained the rationale for its conclusion, and plaintiff cites this court to no authority in support of his contention that, under the circumstances, the court was required to make any additional findings. Therefore, we judge the

argument without merit. See Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir. 1994) (conclusory reference to district court error without supporting authority is not adequate appellate argument).

Next, plaintiff states, without further elaboration, that the district court's order granting summary judgment to defendants was "over 10 pages in length and was the result of lengthy motions filed by all defendants." Corrective Br. of Appellant at 6. We assume plaintiff is vaguely attempting to argue that because the district court afforded the motion "'careful consideration,'" evidenced by a "lengthy, detailed and reasoned" order, his claim cannot be considered "'groundless' or 'without foundation.'" See Jane L., 61 F.3d at 1513 (quoting Hughes v. Rowe, 449 U.S. 5, 15 (1980)). This issue escapes review for two reasons. First, plaintiff does not develop the argument, see Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaints which fail to develop an issue are insufficient to invoke appellate review), and second, plaintiff failed to provide this court with the summary judgment order, see McEwen v. City of Norman, 926 F.2d 1539, 1550 (10th Cir. 1991) (failure to provide relevant record requires holding that appellant did not meet burden of proving abuse of discretion).

Finally, plaintiff contends that the district court erred in not considering his financial condition under the standards set forth in Christiansburg. Again,

plaintiff fails to develop this issue to accommodate proper review. See Murrell, 43 F.3d at 1389 n.2. He does reference this court to an affidavit submitted to the district court in which he states that he is unemployed except for sporadic employment as a house parent for the Community Reentry Services of Fremont County, owns no property in his own name, and will consider bankruptcy in the event of an award of attorney fees to defendants. Appellant's App. at 15-16. In considering the amount of fees and costs to award, the district court found that plaintiff's affidavit was "so incomplete" as to preclude an adequate assessment of plaintiff's financial condition. Id. at 52. Moreover, the court noted that because plaintiff would probably seek bankruptcy protection in any event, it may as well award defendants the fees and costs they requested. Id.[1] We discern no clear error in these findings.

Following a review of the available record in this case, and upon consideration of the parties' briefs, this court concludes that the district court's determination that plaintiff's underlying claim in this case was groundless and without foundation in law or fact is accurate and therefore supports the court's award of attorney fees and costs to defendants. See Christiansburg, 434 U.S. at

---

[1] Plaintiff did not challenge the reasonableness of the amounts of fees and costs submitted by defendants either in the district court or on appeal. See Appellant's App. at 52.

421. Accordingly, the judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge