**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOD N. ROCKEFELLER, former
Environmental Scientist, Wipp Site
Team, Carlsbad Area Office, United
States Department of Energy,

        Plaintiff - Appellant,

v.

SPENCER ABRAHAM, in his official
capacity as Secretary, United States
Department of Energy,

        Defendant - Appellee.

No.  02-2117
D.C. No. CIV-01-399-JP
(D. New Mexico)

**ORDER AND JUDGMENT**   *

Before  **HENRY** , **BRISCOE** , and  **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tod N. Rockefeller, proceeding pro se, appeals the district court's order granting summary judgment in favor of his former employer, the United States Department of Energy (Department), on each of the claims in his complaint. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

Rockefeller was employed by the Department as an environmental specialist. The Department terminated Rockefeller in December 1997 for poor performance. In his complaint in this case,[1] Rockefeller asserted four claims against the Department. First, he claimed the Department violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., by retaliating against him for making public comments about alleged safety violations at the Department. According to Rockefeller, employees of the Department retaliated against him by making harassing phone calls to his home and by blacklisting him from other employment opportunities with the federal government. Second, Rockefeller claimed the Department violated the whistle-blower provisions of the Toxic Substances Control Act (TSCA), the Safe Drinking Water Act (SDWA), and the Comprehensive Environmental Response, Compensation, and Liability

---

[1] In a prior case, Rockefeller alleged that the Department wrongfully terminated him because he was disabled and in retaliation for engaging in protected Title VII and whistle-blowing activities. The district court entered summary judgment in favor of the Department, and we affirmed in *Rockefeller v. Abraham*, Nos. 01-2054 & 00-2480, 2001 WL 1434623 (10th Cir. Nov. 15, 2001) (unpublished), *cert. denied*, 535 U.S. 932 (2002).

Act (CERCLA), by blacklisting him from other federal employment opportunities. Third, Rockefeller claimed the Department failed to process his underlying equal employment opportunity complaint in accordance with the governing federal regulations, *see* 29 C.F.R. § 1614.101, *et seq*. Fourth, Rockefeller claimed the Department violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

The district court concluded that the Department was entitled to summary judgment on each of Rockefeller's claims. With respect to his Title VII retaliation claim, the district court granted summary judgment because: (1) Rockefeller failed to set forth any specific evidence linking the Department to the alleged phone calls or blacklisting; and (2) even if the Department could be linked to the phone calls, the calls did not rise to the level of an adverse employment action since the callers never identified themselves or said anything about Rockefeller's activities vis-a-vis the Department. To support the latter determination, the district court relied on our decision in *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178-79 (10th Cir. 1999) (holding that harassing phone calls did not constitute adverse employment action where callers did not identify themselves or mention plaintiff's EEOC claim and where plaintiff presented no evidence that calls were placed by any of defendant's employees with decision-making authority or that management condoned activity).

With respect to Rockefeller's claims under the whistle-blower provisions of TSCA, SDWA, and CERCLA, the district court determined that the Department was entitled to summary judgment because Rockefeller was required under each Act to first exhaust his administrative remedies with the Secretary of Labor, and Rockefeller conceded during oral argument before the district court that he had never filed an administrative complaint addressing his present whistle-blowing claims. In order to provide Rockefeller with an opportunity to exhaust his administrative remedies, the district court dismissed the whistle-blower claims without prejudice.

With respect to Rockefeller's claim that the Department failed to process his administrative complaint in accordance with the governing federal regulations, the district court determined that the Department was entitled to summary judgment because "a violation of a federal regulation governing the handling of [Rockefeller's] EEOC complaint does not create an independent cause of action under Title VII." R., Doc. 58 at 4. To support this determination, the district court relied on our decision in *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991) (holding that there is no private cause of action against Equal Employment Opportunity Commission for misprocessing of discrimination claims asserted against private employer), and the Seventh Circuit's decision in *Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000) (holding that federal employee could

not assert claim under Title VII against equal employment opportunity division of the federal agency that employed her for misprocessing of discrimination and retaliation claims).

Finally, with respect to his claimed constitutional violations, the district court determined that the Department was entitled to summary judgment because: (1) Title VII preempts constitutional claims by federal employees regarding retaliatory discrimination; (2) to the extent Rockefeller was alleging due process violations aside from discrimination, he failed to demonstrate that a genuine issue of material fact was in dispute; and (3) to the extent Rockefeller was alleging a First Amendment retaliation claim based on his public comments about potential safety violations at the Department, the claim was preempted by the federal whistle-blower statutes. However, because it concluded that his First Amendment claims are closely related to his statutory whistle-blower claims, the court dismissed the First Amendment claims without prejudice.

"We review a district court order granting summary judgment de novo." *Camfield v. City of Okla. City*, 248 F.3d 1214, 1224 (10th Cir. 2001). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this

standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Camfield*, 248 F.3d at 1224 (quotation omitted). Because he is appearing pro se, we also interpret Rockefeller's pleadings generously. *Belhomme v. Widnall,* 127 F.3d 1214, 1216 (10th Cir. 1997).

We agree with the district court's analysis. Accordingly, we affirm the entry of summary judgment in favor of the Department for substantially the same reasons set forth in the memorandum opinion and order entered by the district court on March 21, 2002. In addition, we reject Rockefeller's claim that the district court erred in granting summary judgment without permitting him to engage in additional discovery. Under Fed. R. Civ. P. 56(f), Rockefeller was required to file an affidavit in response to the Department's motion for summary judgment explaining to the district court why additional discovery was necessary before the court could rule on the motion. *See Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). While Rockefeller referred to Rule 56(f) in his opposition to the Department's motion for summary judgment, *see* R., Doc. 38 at 1, he failed to file an affidavit in compliance with Rule 56(f), and he failed to explain to the district court why additional discovery was necessary. Moreover, Rockefeller had almost five months to conduct discovery under the

district court's pretrial schedule, and, except for serving four requests for production of documents, he conducted no discovery. [2]

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[2]    On March 20, 2002, one day before the district judge entered his order granting the Department's summary judgment motion, the magistrate judge granted a motion to compel filed by Rockefeller and directed the Department to produce certain phone records.    *See* R., Doc. 55.  Apparently, the magistrate judge granted Rockefeller's motion to compel because certain phone numbers he provided to the court matched phone numbers called by an employee of the Department during the relevant time periods.    *See id.* at 2.  However, even if the phone calls were in fact made by an employee of the Department, Rockefeller failed to allege sufficient facts to establish that the calls constituted an adverse employment action.  As a result, the district judge's entry of summary judgment was proper, regardless of the magistrate judge's ruling on Rockefeller's motion to compel.  Further, Rockefeller's claim that the Department admitted certain matters by not responding to requests for admission he served on it in February 2002 is without merit since the discovery cut-off was in January 2002.