FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUNA SHOOP; JAMES L. SHOOP, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes Series 2006-1, <br><br> Defendant - Appellee. | No. 10-16440 <br><br> D.C. No. 1:10-cv-01049-LJO-DLB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Shauna Shoop and James L. Shoop appeal pro se from the district court's

judgment sua sponte dismissing their action arising out of foreclosure proceedings.

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), and we affirm.

The district court properly dismissed the Shoops' Truth in Lending Act claims as time-barred. *See* 15 U.S.C. § 1635(f) (right of rescission must be exercised within three years of consummation of the transaction); 15 U.S.C. § 1640(e) (an action for damages must be brought within one year of the alleged violation).

The district court did not err by dismissing the Shoops' action sua sponte for failure to state a claim despite not providing the Shoops notice and an opportunity to oppose dismissal. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief" (alteration, citation and internal quotation marks omitted)).

The Shoops' remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**