# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2012

Lyle W. Cayce
Clerk

No. 11-10472
Summary Calendar

P. CHYBA,

> Plaintiff - Appellant

v.

BAC HOME LOANS SERVICING, L.P.; RYLAND TITLE COMPANY; RYLAND MORTGAGE COMPANY; RECONTRUST COMPANY N.A.; R.H. OF TEXAS LIMITED PARTNERSHIP,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-124

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

P. Chyba, proceeding *pro se*, challenges the dismissal of her claims under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act for failure to state a claim upon which relief may be granted. (The court declined to exercise supplemental jurisdiction over her state-law claims.) Chyba contends: the district court erred in dismissing her complaint *sua sponte*; she

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10472

stated sufficient facts to establish claims for relief; and her claims were subject to equitable tolling of the statute of limitations under TILA.

A district court has the authority to dismiss a complaint *sua sponte* for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The district court allowed Chyba to file an amended complaint and warned her of the possibility of dismissal if her amended complaint failed to allege sufficient facts.

A dismissal for failure to state a claim is reviewed *de novo. E.g.*, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). To survive dismissal, the complaint must "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Chyba's claims are conclusory and speculative.

And, because the district court did not dismiss Chyba's complaint as untimely, her statute-of-limitations contention is irrelevant.

AFFIRMED.