**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOD N. ROCKEFELLER,

Plaintiff - Appellant,

v.

STEVEN CHU, in his official capacity
as Secretary for the United States
Department of Energy; UNITED
STATES DEPARTMENT OF
ENERGY,

Defendants - Appellees.

No. 12-2001

(D. New Mexico)

(D.C. No. 2:11-CV-00520-BB-LAM)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Tod N. Rockefeller, proceeding *pro se*, appeals the *sua sponte* dismissal, for failure to state a claim under Fed. R. Civ. P. 12(b)(6), of his action under Title VI and the First, Fifth and Fourteenth Amendments of the Constitution. We affirm the district court's dismissal.

As stated in his complaint, Mr. Rockefeller filed this action on June 14, 2011, against defendant Steven Chu, in his official capacity as the Secretary of the United States Department of Energy ("DOE"), alleging the above violations and "retaliations taken against him." Compl. at 1, R. Vol. 1 at 1.[1] As the district court noted, this action is largely based upon events which occurred when he was employed by the DOE from 1985 through 1997.

In 2001, Mr. Rockefeller filed a very similar action against the individual (Spencer Abraham) who was then the Secretary of the DOE. The essence of his complaint then appears to have been that, despite good performance reviews, he was dismissed from employment for poor performance. He claims he was simply trying to bring to the attention of the relevant authorities that he thought there were some safety issues which were not being properly addressed. In that prior action, summary judgment was granted to the defendant on March 21, 2002. That decision was affirmed by our court on appeal. Rockefeller v. Abraham, 58 Fed. Appx. 425 (10th Cir. 2003).

---

[1]The defendant was not served in the district court and has not made an appearance in this appeal.

In his current complaint, Mr. Rockefeller reiterates the same allegations as in his first complaint, complains about the way the court handled that prior case, and claims that the court violated his due process rights in a variety of ways. In his current complaint, however, Mr. Rockefeller also alleges a new cause of action, claiming that the defendant may have trespassed on his property, beginning at some time in 1998, tampered with his electrical system, including, in particular, his front porch light, as well as his computers, and otherwise unlawfully entered his residence to do such things as disturb his food and personal belongings.

As the district court observed, a court may *sua sponte* dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (further quotation omitted); see also Curley v. Perry, 935 F.3d 1278, 1282 (10th Cir. 2001).

The district court concluded that his current complaint was barred by the doctrine of res judicata. The court also dismissed his new claim regarding the claimed trespass on his property, noting that "Rockefeller does not specifically allege that Defendant, or a specific employee of Defendant, is the one to have engaged in trespass or any other tort against him. Instead, he states that 'the only available party to shut down said porch light to facilitate break-ins into Plaintiff's

home for the purpose of intimidation (tampering with food in Plaintiff's refrigerator) and disabling his computers to prevent printing Supreme Court Petitions is Defendant.'" Memorandum Op. & Order at 1-2, R. Vol. 1 at 12 (quoting Compl. at 6, R. Vol. 1 at 6). Such a conclusory accusation is simply insufficient to survive a motion to dismiss.

The court further concluded that it could also dismiss this claim based on a statute of limitations defense "when the defense is 'obvious from the face of the complaint and [no] further factual record [is] required to be developed.'" Id. at 5 (quoting Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir. 1995)) see also Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). Mr. Rockefeller's claims of trespass and other nefarious activities began in 1998, and, while he claims they have continued to occur within New Mexico's four-year statute of limitations for a claim of trespass, it is clear that he was "aware of" and/or "believed" that these incidents commenced in 1998. Thus, as the court concluded, the statute of limitations for trespass, or any other tort, has long passed.

Mr. Rockefeller makes a number of, at times, confusing arguments about why the district court did not allow him to file an amended complaint, why his case was tried before a district judge, as opposed to a magistrate judge, and other alleged infirmities in the way his most recent case was handled. From our review

of the record, we perceive no procedural or other errors in the way the district court disposed of this case.

We accordingly affirm the dismissal of Mr. Rockefeller's claims, for substantially the reasons set forth in the district court's Memorandum Op. & Order.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge