# In the United States Court of Federal Claims

No. 13-136C

(Filed: March 1, 2013)

```
*****************************************   *
                                           *
                                           *
DENISE HOWARD, et al.,                     *
                                           *
                                           *
                    Plaintiffs,            *
                                           *
 v.                                        *
                                           *
THE UNITED STATES,                         *
                                           *
                    Defendant.             *
                                           *
*****************************************   *
```

## ORDER

On February 21, 2013, Denise Howard filed in this Court a document purporting to constitute a complaint against the United States. The case caption lists the following persons as plaintiffs: "Denise L. Howard/trustee," "Vicki A. Kugler/Beneficiary," "Seirra S. Howard/Rights violated," and "Trust ancestors and the generations to follow us." Compl. at *1. Within this document, Ms. Howard requests twenty billion dollars "in damages against my Rights, my ancestors and generations yet to follow. For years of WAR brought upon our unalienable Rights by the municipal State government." Compl. at *4. Ms. Howard also requests twenty billion dollars for Vicki A. Kugler, for the same reason, and one billion dollars for Seirra S. Howard for damages "on her life, Liberty and pursuit of happiness, from the invasion of the municipal/State on her unalienable Rights." Id. The alleged wrongs suffered by the plaintiffs seemingly stem from a decision from the district court of the first judicial district court of Idaho, in which the judge found a settlement agreement enforceable and adjudged Ms. Howard required to pay $60,000.00, plus interest, to another party. See Exs. 32, 35. The settlement agreement arose from a dispute over allocations of assets under a trust agreement. See Ex. 32. Ms. Howard refers to this trust agreement as a "sacred contract," upon which "years of WAR" were brought, requiring, all told, $41,000,000,000.00 in compensation. Compl. at *3-4.

Because Ms. Howard is proceeding *pro se*, the Court must liberally construe her pleading to "see if [she] has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (Fed. Cl. 2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Ms. Howard's complaint carefully; however, it cannot discern a plausible cause of action therein. The Court further finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

Therefore, pursuant to its inherent authority, the Court *sua sponte* dismisses Ms. Howard's complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (Fed. Cl. 2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]) ((Fed. Cl. 2009) (internal citation omitted).

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

                                        _____
THOMAS C. WHEELER
Judge