**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1252
_____

DUANE MILLER,
                              Appellant

v.

KEYSTONE BLIND ASSOCIATION/TPM
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-00887)
District Judge:  Honorable Robert C. Mitchell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2013

Before:  SCIRICA, JORDAN and COWEN, Circuit Judges

(Opinion filed:  June 28, 2013)
_____

OPINION
_____

PER CURIAM

Duane Miller, proceeding pro se, appeals from an order of the United States

District Court for the Western District of Pennsylvania granting Appellee's motion for

summary judgment. For the reasons set forth below, we will affirm the District Court's order.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. Miller brought this action against Keystone Blind Association/TPM ("KBA"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e-2000e-17 ("Title VII"). In January 2005, Miller started working as an Attendant for KBA at the Bridgeville Rest Areas on Interstate 79.[1] Miller alleged that in October 2009, KBA discriminated against him when it promoted a white employee, with less seniority, into the position of Lead Attendant. Miller alleged that when the white employee left the position, KBA did not notify him even though it was aware of his interest in the position.

On March 12, 2010, Miller was promoted from Attendant to Lead Attendant at the Bridgeville Rest Areas on Interstate 79. Gary Holder became his supervisor and Holder reported to Operations Manager, Evelyn Kurdupski. During Miller's employment as Lead Attendant, his supervisors received several complaints regarding his performance and attitude. Employees complained that Miller sat on picnic benches instead of working, and that he failed to properly submit paperwork. In August 2010, while

---

[1] When Miller started working at KBA, he received an Employee Manual, which included sexual harassment and safety policies. The manual stated that violation of the policies would result in disciplinary action, including possible termination.

Kurdupski was covering for Holder while he was on vacation, she personally witnessed Miller violate the lunch time rules and saw him sitting on benches, while directing others to perform work. Miller received disciplinary notices for his behavior. That same month, Kurdupski received two separate complaints from female employees of sexual harassment by Miller. Sharell Brown, a recently hired employee, reported that Miller made inappropriate and sexually charged comments regarding her undergarments and sexual relations. Brown did not feel comfortable working with Miller and refused to work with him. Carolyn Isenberg, a KBA employee since 2007, also refused to work with Miller due to his harassing behavior. She claimed that Miller told her explicit details of his self-described "sexcapades," and asked her personal questions about her undergarments. The female employees provided written statements describing Miller's harassment and participated in a conference call with the Vice President of Human Resources, during which they discussed their complaints. Kurdupski moved Brown and Isenberg to different rest areas as a result of the incidents.

When Holder returned from vacation, Krudupski spoke with him about Miller's disciplinary notices and allegations of sexual harassment. Holder recommended that Miller be demoted to the position of Attendant and Krudupski agreed. The Vice President of Human Resources reviewed Miller's file and on August 23, 2010, he demoted Miller from Lead Attendant to Attendant. The Human Resources Director wrote to Miller, notifying him of his demotion and attached a letter entitled,

3

"Investigation:  Incident/Concern Request for Review."  Miller was told that if he disagreed with the demotion, he should complete the Request for Review form, but Miller never completed any paperwork.

On August 26, 2010, Miller filed an EEOC charge, claiming that KBA discriminated against him by demoting him from Lead Attendant to Attendant in violation of Title VII.  The EEOC investigation did not find any statutory violations.  In July 2011, Miller filed a complaint, which he amended in August 2011.  KBA filed a motion for summary judgment, which the District Court granted on January 8, 2013.[2]  Miller then timely filed this appeal.[3]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting summary judgment.  See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Summary judgment is appropriate only when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and summary

---

[2] Miller filed his own motion for summary judgment on September 13, 2012.  The District Court dismissed it as untimely, but agreed to consider it in conjunction with Miller's response to KBA's motion for summary judgment.

[3] In his appellate brief, Miller raises for the first time the contention that the District Court should have applied the Americans with Disabilities Act.  Therefore, we will not consider this argument.

judgment is to be entered if the evidence is such that a reasonable fact finder could find only for the moving party." Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (citing Anderson  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

In his complaint, Miller alleges discrimination based upon race.  Upon review of the record, we conclude that the District Court correctly granted KBA's motion for summary judgment.

Miller's claim of race discrimination arising out of his demotion fails under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under this framework, he has the initial burden of establishing a prima facie case of discrimination by proving that (1) he is a member of a protected class; (2) he suffered some form of adverse employment action; and (3) this action occurred under circumstances giving rise to an inference of unlawful discrimination that might occur when nonmembers of the protected class are treated differently.  See Goosby v. Johnson & Johnson Med., 228 F.3d 313, 318 (3d Cir. 2000); Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).  Once a plaintiff establishes a prima facie case, the employer must provide a legitimate, non-discriminatory reason for the adverse

5

employment action.  See Goosby, 228 F.3d at 319.  If the employer meets this burden, the burden again shifts to the plaintiff to demonstrate that the employer's reason is pretextual. See Kautz v. Met-Pro Corp., 412 F.3d 463, 467 (3d Cir. 2005); Jones, 198 F.3d at 412.

We accept for the sake of argument that Miller established a prima facie case of discrimination.  Shifting the burden to KBA, it has pointed to legitimate, non-discriminatory reasons for Miller's demotion, including his failure to properly submit paperwork, his sitting on picnic tables rather than working, and the incidents in which he sexually harassed female employees.  In order for Miller's discrimination claim to succeed, he must show that KBA's proffered legitimate reasons to demote him were a pretext for unlawful racial discrimination.  Miller argued that KBA did not follow the proper procedures in demoting him.  However, the record shows that KBA acted in accordance with its employment practices as set forth in the handbook Miller received when he started working there.  Miller also alleged that for example he was treated differently from other similarly situated white employees, but there is evidence that KBA demoted a white Lead Attendant to Attendant for his failure to complete proper paperwork.  Thus, Miller has failed to produce any evidence that would lead to the inference that KBA's proffered reasons for demoting Miller were mere pretext.  See Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).  Accordingly, we conclude that the

District Court properly granted KBA's motion for summary judgment with respect to Miller's race discrimination claim arising from his demotion.

Regarding Miller's claim of racial discrimination based on KBA's failure to promote him in October 2009, we agree with the District Court that this claim fails because Miller did not exhaust his administrative remedies. A plaintiff initiating an employment discrimination suit under Title VII must first exhaust his remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5. These requirements include filing a charge with the EEOC within 180 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 472 (3d Cir. 2001). Here, Miller failed to exhaust his claim of racial discrimination arising out of KBA's failure to promote him in October 2009. Because this claim was not brought to the attention of the EEOC, and accordingly did not fall within the scope of its investigation, the District Court properly dismissed Miller's failure to promote claim as unexhausted. See, e.g., Webb v. City of Phila., 562 F.3d 256, 262-63 (3d Cir. 2009).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

7