ALD-168                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2787
_____

DUANE MILLER,
                                        Appellant
v.

EEOC, Pittsburgh Area Office
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2:14-cv-00347)
District Judge:  Honorable Mark R. Hornak
_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Duane Miller appeals from the United States District Court for the Western District of Pennsylvania's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Because Miller's appeal presents no substantial question, we will grant Appellee's motion to summarily affirm the District Court's order.

I.

In 2010, Miller filed a charge with the Equal Employment Opportunity Commission ("EEOC"), asserting that his former employer, Keystone Blind Association ("KBA"), discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964. After the EEOC notified Miller that it did not find that KBA committed any violations, Miller filed a complaint against KBA in the District Court. The District Court granted KBA's summary judgment motion in 2013, and we thereafter affirmed. See Miller v. Keystone Blind Assoc./TPM, 547 F. App'x 100, 101 (3d Cir. 2013) (per curiam).

Miller filed the current lawsuit in March 2014, alleging that the EEOC's handling of his 2010 charge had violated his right to a fair investigation. The Magistrate Judge issued a report recommending that the complaint be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii) for failure to state a claim on which relief may be granted. In particular, the Magistrate Judge determined that Miller could not bring a cause of action against the EEOC under Title VII, 42 U.S.C. § 1983, or Bivens v. Six Unknown Named Agents of

2

Fed. Bureau of Narcotics, 403 U.S. 388 (1971), challenging its processing of his charge. After considering Miller's objections to the Magistrate Judge's report, the District Court adopted the report and issued an order dismissing Miller's complaint on April 25, 2014.

Miller timely appealed, and opposes Appellee's motion for summary action.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. I.O.P. 10.6.

After careful review of the record, we discern no error in the District Court's dismissal of Miller's complaint. As the Magistrate Judge concluded, "no cause of action against the EEOC exists for challenges to its processing of a claim." Scheerer v. Rose State Coll., 950 F.2d 661, 663 (10th Cir. 1991) (quotation marks omitted); see, e.g., Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 6 (2d Cir. 1997) (per curiam). The proper course of action for a plaintiff who contends that his employment discrimination complaint has been mishandled is to bring a lawsuit against his employer. See Jordan, 205 F.3d at 342.

Miller has already brought such a lawsuit, and his lack of success there does not give rise to a claim against the EEOC.

Ordinarily, a district court should not sua sponte dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without providing the plaintiff an opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). However, because amendment would be futile in this case, dismissal without leave to amend was proper. See id. Accordingly, we will grant Appellee's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6. Miller's miscellaneous motions for relief are denied.